UNITED STATES of America,
Plaintiff–Appellee,

v.

Glen Edward MEYERS, Defendant–
Appellant.

No. 92–3001.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 15, 1993.

Decided April 13, 1993.

Asa Hutchinson, Fort Smith, AR, argued, for defendant-appellant.

Steven N. Snyder, Fort Smith, AR, argued (J. Michael Fitzhugh and David R. Ferguson on the brief), for plaintiff-appellee.

Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Glen Edward Meyers appeals his conviction for conspiracy to manufacture marijuana in violation of 21 U.S.C. § 846 (1988). He argues that the district court[1] erred in denying his motion to suppress evidence obtained in execution of the search warrant because part of the basis for issuing the warrant was an allegedly illegal traffic stop. He also argues that at sentencing the district court erred in denying his motion to reduce the base offense level, in denying his objection to a two-level increase for possession of a firearm during commission of the offense, and in failing to give a reduction for minimal participation. We affirm the conviction and the sentence.

Arkansas state police officers began an investigation after receiving a tip from informant Ron Meyers that his nephew from Florida, Glen Meyers, was growing marijuana on Ron Meyers' land in Logan County, Arkansas. On July 31, 1991, officers flew over the property and confirmed that marijuana was growing there. Later that day, officers went in on foot and found approximately thirty marijuana plants, some of them obviously cultivated. Officers returned the next day and observed Ron Meyers, Glen Meyers, and John Cash, coming out of the house on the property. At some point in the afternoon, Glen Meyers left the property in a white mid-sized car.

Later that afternoon, Trooper Bryan Davis, a state police officer on routine traffic patrol in the area, received a radio call from Lieutenant Dale Best, one of the narcotics investigators involved in the surveillance. Lieutenant Best asked Davis "[i]f [he] had reason to stop the vehicle ... and ID the driver ... if possible." Best described the vehicle as "a white Chrysler product, probably dirty, with Florida tags." Shortly thereafter, Davis spotted a car fitting this description following closely behind another vehicle. Determining that the car was following too closely and was thus in violation of state law, Davis stopped the car. The driver produced a valid Florida license identifying him as Glen Meyers. Davis issued Meyers a warning ticket which Meyers signed. Davis did not question Meyers further and allowed him to go on his way. Davis later reported the information obtained in the stop to Lieutenant Best.

As surveillance continued at the Meyers property, the officers observed Glen Meyers return and unload five-gallon water cans from his car. The next day they observed Glen Meyers filling the water cans from a hose. Surveillance continued on August 20 and September 6. Officers observed Glen Meyers examining a marijuana plant on the property and driving a vehicle which they later confirmed had been reported stolen in Florida.

The officers then obtained the search warrant which they executed on September 7. The search revealed seventy-nine marijuana plants, processed marijuana, and various firearms. In one bedroom of the house, officers discovered the warning ticket Trooper Davis had issued, plastic bags, a digital scale, and marijuana spread out to dry on the floor. Under the mattress in that room, they found Glen Meyers' wallet, which contained $4,300 cash. Just inside the bedroom door, they found a fully-loaded TEC–9 9mm semiautomatic pistol.[2]

---

1. The Honorable Morris Sheppard Arnold was United States District Judge for the Western District of Arkansas at the time this case was tried. He was appointed Circuit Judge of the United States Court of Appeals for the Eighth Circuit on June 1, 1992.

2. Glen Meyers described this as a less expensive weapon resembling a "real expensive machine gun."

The grand jury charged Glen Meyers with one count of conspiracy to manufacture marijuana, and one count of using a firearm in relation to a drug trafficking crime under 18 U.S.C. § 924(c)(1) (Supp. III 1991). A magistrate judge held a hearing and recommended dismissal of Meyers' motion to suppress the evidence obtained with the search warrant. The district court adopted the recommendation, and a jury convicted Meyers of the conspiracy charge, but acquitted him of the firearms charge. The court sentenced him to thirty-three months imprisonment, followed by three years of supervised release.

## I.

■ Meyers first argues that the district court erred in denying his motion to suppress the evidence obtained in the search. He argues that the traffic stop was pretextual and, therefore, illegal under *Delaware v. Prouse,* 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660 (1979). He argues that the information obtained during the traffic stop "confirmed" the informant's statement that the individual growing the marijuana was from Florida, and that the reliability of this informant was "critical" to the magistrate's determination of probable cause. This argument is unpersuasive.

■ Our cases direct us to hold that the traffic stop was not pretextual. Meyers does not dispute that he violated state law by following the vehicle ahead of him too closely. Rather, he argues that the real reason Trooper Davis stopped him for this minor violation was the radio call from Lieutenant Best. Trooper Davis's underlying intent or motivation, however, is irrelevant. *See United States v. Maejia,* 928 F.2d 810, 814–15 (8th Cir.1991). We review allegedly pretextual traffic stops under an "objective reasonableness" standard and an otherwise valid traffic stop does not become unreasonable merely because the officer knows the vehicle has been under surveillance for some other reason. *Id.* We have held that whenever "an officer observes a traffic offense—however minor—he has probable cause to stop the driver of the vehicle," and the stop "remains valid

even if the officer would have ignored the traffic violation but for his other suspicions." *United States v. Cummins,* 920 F.2d 498, 500–01 (8th Cir.1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 428, 116 L.Ed.2d 448, 449 (1991). Here, Trooper Davis observed a traffic violation of a type for which he regularly issued citations on that road. He had probable cause to stop the vehicle and, therefore, the stop was not pretextual.

■ Moreover, if the stop had been pretextual, it would not invalidate the search warrant issued here. The probable cause affidavit submitted to the magistrate relies primarily on the direct observation of police officers, and not on the informant's statement. The officers confirmed through surveillance that marijuana was being grown on the property, just as the informant had reported. Although the traffic stop is mentioned in the affidavit, it supplies no "critical" information. In fact, the only information gathered at the traffic stop was that Glen Meyers was the person driving the car, and that he held a Florida driver's license. While this tends to confirm the informant's statement that the marijuana growers were from Florida, the informant's reliability was hardly an issue after surveillance yielded abundant direct evidence of a marijuana-growing operation on the property. The information for the traffic stop was tangential, if not wholly irrelevant, to the magistrate's determination of probable cause. The district court did not err in denying Meyers' motion to suppress the evidence.

## II.

Meyers raises several other arguments relating to his sentence. First, he argues that the district court should have found the sentencing guidelines' equation of one marijuana plant (in cases involving more than fifty plants) to one kilogram of marijuana "unreasonable and arbitrary," and thus should have reduced Meyers' base offense level. *See* United States Sentencing Commission *Guidelines Manual,* § 2D1.1(c) (Nov.1991). We heard and rejected this very argument in *United States*

*v. Smith,* 961 F.2d 1389, 1390 (8th Cir. 1992).

Next, Meyers argues that the district court erred in imposing a two-level increase for possession of a firearm during the commission of the offense, *see* U.S.S.G. § 2D1.1(b)(1), even though the jury had acquitted him of the firearms charge under 18 U.S.C. § 924(c)(1). Because the standards of proof differ, however, acquittal on the firearms charge does not prohibit enhancement under the guidelines. *See United States v. Johnson,* 962 F.2d 1308, 1313 (8th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 358, 121 L.Ed.2d 271 (1992). The district court based this enhancement on the presence of the TEC–9 in Meyers' bedroom, and in imposing the enhancement, found that the connection between the weapon and the drug offense was not "clearly improbable." *See* U.S.S.G. § 2D1.1(b)(1), comment. (n.3). The district court did not clearly err in this finding or in imposing the enhancement.

Finally, Meyers argues that the district court erred in not granting him a four-level downward departure for "minimal" participation in the conspiracy. *See* U.S.S.G. § 3B1.2(a). The district court opted for a two-level "minor participant" departure under U.S.S.G. § 3B1.2(b). In addition to the facts set out above, the district court heard Meyers testify that he not only knew of the marijuana-growing operation on the property, but contributed $600 a month to finance it. Thus, we cannot conclude that the district court erred in refusing to categorize Meyers as a "minimal participant."

We affirm Meyers' conviction and the sentence imposed by the district court.