UNITED STATES of America, Appellee,

v.

Jose Hurtado FLORES, Appellant.

No. 93–1652.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1993.

Decided Nov. 15, 1993.

Rehearing and Suggestion for Rehearing En Banc Denied Dec. 22, 1993.

Paul C. Engh, Minneapolis, MN, argued, for appellant.

Denise D. Reilly, Minneapolis, MN, argued (Francis X. Hermann and Denise D. Reilly, on the brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

WOLLMAN, Circuit Judge.

Jose Hurtado Flores appeals the 78–month sentence imposed by the district court[1] after he pled guilty to conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846. Flores argues that the district court improperly relied on statements contained in the presentence report (PSR) to enhance his sen-

tence and that the court's finding regarding his role in the offense was clearly erroneous. We affirm.

According to the PSR, in 1987, Flores became Kyle Lindquist's source for marijuana in El Paso, Texas. Flores obtained the marijuana, recruited Ramon Alire, Jose Villegas, and Adrian Corral to transport it, and coordinated shipments and transfers of money. Alire eventually began supplying marijuana to Lindquist with Villegas's help and without Flores's knowledge. The PSR recommended a two-level enhancement pursuant to U.S.S.G. § 3B1.1(c), based upon Flores's role in the offense as an organizer, leader, manager, or supervisor.

In his written objections, Flores did not specifically object to the factual allegations in the PSR, but asserted that it incorrectly recommended a two-level increase. He cited the paragraphs in the report that detailed his activities and contended that his role was essentially equal to that of the couriers as evidenced by their actions in providing Lindquist with marijuana without his knowledge or participation. At sentencing, Flores's counsel essentially argued that the information in the PSR was insufficient to support a finding that Flores was an organizer, leader, manager, or supervisor. The government offered no evidence. The district court adopted the factual statements of the PSR and determined that Flores should receive a two-level enhancement for his role in the offense.

"A 'presentence report is not evidence and is not a legally sufficient basis for making findings on contested issues of material fact.'" *United States v. Wise,* 976 F.2d 393, 404 (8th Cir.1992) (en banc), *cert. denied,* — U.S. —, 113 S.Ct. 1592, 123 L.Ed.2d 157 (1993) (quoting *United States v. Streeter,* 907 F.2d 781, 791–92 (8th Cir.1990)). If a defendant objects to a factual allegation in the PSR, the court must either make a finding on the disputed allegation or a determination that such a finding is not necessary because it will not consider the challenged fact when imposing sentence. *See* Fed. R.Crim.P. 32(c)(3)(D). If the court decides

---

[1] The Honorable David S. Doty, United States District Judge for the District of Minnesota.

to consider the challenged fact, "the government must introduce evidence sufficient to convince the Court by a preponderance of the evidence that the fact in question exists." *Streeter*, 907 F.2d at 792. However, "[i]n the absence of objection alerting the Court to the need for a specific finding, the Court may rely on the presentence report." *Id.* Further, "the Government's obligation to present evidence in support of a PSR's factual statements only arises for the facts the defendant disputes." *United States v. Montanye*, 996 F.2d 190, 193 (8th Cir.1993) (en banc).

Here, Flores did not object to the factual allegations in the PSR; indeed, he relied on them to support his argument against the enhancement. The district court did not err in making a determination, based on an application of the Sentencing Guidelines to the uncontested facts, that Flores was an organizer, leader, manager, or supervisor. *See United States v. Edwards*, 994 F.2d 417, 423 (8th Cir.1993). "In determining whether a defendant is an organizer the sentencing court may consider such factors as the nature of his participation in the offense, whether he recruited accomplices, the extent of his involvement in planning or organizing the offense, and the nature and scope of the illegal activity." *United States v. Maejia*, 928 F.2d 810, 816 (8th Cir.1991). Flores recruited couriers and coordinated shipments of large amounts of marijuana to Lindquist. The fact that two of the couriers later independently provided Lindquist with marijuana does not diminish Flores's role in the offense.

The judgment is affirmed.