UNITED STATES of America, Appellee,

v.

William K. FREEMAN, also known as Kenneth Freeman, also known as Ken Freeman, Appellant.

No. 93–3899.

United States Court of Appeals, Eighth Circuit.

Submitted July 26, 1994.

Decided Aug. 1, 1994.

Daniel P. Reardon, Clayton, MO, argued, for appellant.

Peter A. Appel, Dept. of Justice, Washington, DC, argued, for appellee.

Before FAGG, WOLLMAN, and BEAM, Circuit Judges.

FAGG, Circuit Judge.

The government charged William K. Freeman with violating several environmental laws. A jury convicted Freeman of illegally

transporting and illegally storing hazardous waste without a permit in violation of 42 U.S.C. § 6928(d)(1) and (d)(2)(A). Freeman appeals his sentence asserting the district court should not have added to his base offense level under U.S.S.G. §§ 2Q1.2(b)(1)(B) and 3B1.1(a). We affirm.

Freeman was vice-president of operations and later co-owner of a corporation that manufactured automobile parts. The corporation unsuccessfully experimented with a certain product resulting in many drums of hazardous waste. As the corporation's vice-president of operations, Freeman directed one employee to direct another to take the drums to the corporation's leased storage space. Under this chain of command, two other employees eventually took the drums to the leased storage space, which lacked permits for storing hazardous waste. After Freeman and his codefendant acquired the corporation, an inspector from the Missouri Department of Natural Resources came to inspect the corporation's facility. Despite Freeman's attempt to stall the inspector, the inspector discovered the drums, which were leaking onto the floor. Testing revealed the drums contained highly volatile hazardous waste.

On appeal, Freeman first challenges the district court's addition of four levels to his base offense level under U.S.S.G. § 2Q1.2(b)(1)(B). Section 2Q1.2 applies to persons convicted of committing the environmental crimes prohibited in 42 U.S.C. § 6928(d). The guideline sets a base offense level of eight, U.S.S.G. § 2Q1.2(a), and provides for increases in the base offense level for specific offense characteristics, *id.* § 2Q1.2(b). The base offense level is increased by six if the offense involved ongoing or repetitive discharges of a hazardous or toxic substance into the environment, *id.* § 2Q1.2(b)(1)(A), and by four "if the offense otherwise involved a discharge, release, or emission of a hazardous or toxic substance," *id.* § 2Q1.2(b)(1)(B).

■ Freeman asserts the district court committed error in applying § 2Q1.2(b)(1)(B) to him because the jury acquitted him of discharging a hazardous substance without a permit. The standard of proof is lower at sentencing than at trial, however. *See Unit-*

*ed States v. Meyers,* 990 F.2d 1083, 1086 (8th Cir.1993). Thus, Freeman's acquittal of discharging a hazardous substance without a permit does not preclude the district court from enhancing his sentence based on a court finding of discharge. *See id.* The district court based the increase on its finding that the government proved a discharge. This finding is not clearly erroneous. It is undisputed that the drums were leaking.

Freeman also asserts that § 2Q1.2(b)(1)(B) only applies if the government proves actual environmental contamination and, according to Freeman, there is no evidence of environmental contamination in this case. Unlike § 2Q1.2(b)(1)(A), § 2Q1.2(b)(1)(B) does not state the discharge must be "into the environment." Nevertheless, Freeman relies on application note 5 to U.S.S.G. § 2Q1.2, which states, "Subsection (b)(1) assumes a discharge or emission into the environment resulting in actual environmental contamination." Courts of Appeals have interpreted this note in different ways. *Compare United States v. Ferrin,* 994 F.2d 658, 662–64 (9th Cir.1993) (actual environmental contamination is a prerequisite to enhancement under § 2Q1.2(b)(1)(B)) *with United States v. Goldfaden,* 959 F.2d 1324, 1331 (5th Cir.1992) (§ 2Q1.2(b)(1) takes environmental contamination as a given) *and with United States v. Bogas,* 920 F.2d 363, 367–69 (6th Cir.1990) (declining to decide issue because finding of no environmental contamination would be clearly erroneous).

■ This case does not require us to decide whether the government must show actual environmental contamination to justify an increase under § 2Q1.2(b)(1)(B). Assuming this showing is required, the record shows environmental contamination. Because the waste was volatile, the air carried the waste's organic compounds. *See Ferrin,* 994 F.2d at 664 (environment contaminated when hazardous waste contacts with land or water or is released into the air); *Bogas,* 920 F.2d at 368 (finding of no environmental contamination would be clearly erroneous given visual contamination of soil, detectable contamination of atmosphere, and probable water contamination); *see also United States v. Sellers,* 926 F.2d 410, 418 (5th Cir.1991)

(district court may have inferred actual environmental contamination from leaking barrel of hazardous waste found on creek bank). Also, the drums were leaking onto the floor to an extent that the inspector could not avoid stepping in the leakage, and the storage space had a floor drain that led to a storm sewer, which led to a creek.

Second, Freeman challenges the district court's addition to his base offense level under U.S.S.G. § 3B1.1(a) for being the organizer or leader of a criminal activity involving five or more participants. Freeman asserts the district court did not make a finding about the number of participants in the offense or Freeman's role in the offense. *See* Fed.R.Crim.P. 32(c)(3)(D) (requiring district court to make finding about disputed facts or state disputed facts will not be considered in sentencing); *United States v. Fetlow*, 21 F.3d 243, 248–50 (8th Cir.1994) (explaining Rule 32(c)(3)(D) requirement).

The presentence report (PSR) identified seven persons as participating in Freeman's crime and described Freeman as their organizer or leader. In the district court, Freeman did not contest the seven persons' involvement in the hazardous waste's transportation or storage or his acts in directing the transportation and storage. Rather than objecting to the PSR's factual allegations, Freeman asserted § 3B1.1(a) did not apply because the jury acquitted him of conspiring with his codefendant and others to transport and store hazardous wastes illegally. After hearing arguments on Freeman's § 3B1.1 objection, the district court overruled Freeman's objection and entered judgment specifically adopting the PSR's factual findings.

 Because Freeman did not dispute the PSR's factual allegations, there were no disputed facts requiring the district court to make a finding. *See United States v. Flores*, 9 F.3d 54, 56 (8th Cir.1993). The district court complied with Rule 32(c)(3)(D) and properly rejected Freeman's legal challenge to the application of § 3B1.1(a). Acquittal of conspiring with others does not preclude a sentencing finding of organizing or leading others in a criminal activity. *See Meyers*, 990 F.2d at 1086. Although the seven persons named in the PSR were not indicted or

tried, they were criminally responsible for Freeman's crime of transporting hazardous waste without a permit. *See* 42 U.S.C. § 6928(d)(1) (making it illegal to "knowingly transports or causes to be transported any hazardous waste"). Thus, they qualified as participants under U.S.S.G. § 3B1.1(a). *See* U.S.S.G. § 3B1.1 n. 1.

We affirm Freeman's sentence.