**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Herbert Henry LYNCH, Jr., Defendant–Appellant.**

**No. 94–4064.**

United States Court of Appeals, Eighth Circuit.

Submitted May 17, 1995.

Decided June 30, 1995.

Virginia Villa, Federal Public Defender, Minneapolis, MN (argued), for appellant.

Rabea Jamal Zayed, Asst. U.S. Atty., Minneapolis, MN (argued), for appellee.

Before WOLLMAN and M. ARNOLD, Circuit Judges, and BOGUE,* Senior District Judge.

BOGUE, Senior District Judge.

Herbert Henry Lynch (appellant) appeals his conviction in the district court [1] under 18 U.S.C. § 111(a)(1) and subsequent sentence. For the reasons stated below, we affirm.

## BACKGROUND

On July 5, 1994, appellant was a spectator in the courtroom of then District Court Judge Diana Murphy. The bench trial in progress concerned treaty rights of the Mille Lacs Band of the Chippewa Indians. Appellant became upset by the State of Minnesota counsel's repeated use of the word "Indian(s)" when referring to the Mille Lacs Band or its members. Sitting in the front row of the courtroom, appellant called out, "Could counsel please use Native American, Chippewa, Ojibwa, whatever it might be; but not Indians." Appellant was admonished by Judge Murphy to remain quiet in the courtroom. Despite the warnings from the court, appellant twice later disrupted the proceedings by verbally responding to counsel's use of the word Indians. He eventually removed himself from the courtroom stating, "I have spoken my peace. They are Native Americans, Ojibwa, Chippewa, don't be disrespectful."

The trial continued the following day, July 6, 1994, and appellant was again in attendance. Due to appellant's behavior the previous day, Judge Murphy requested a court security officer (CSO) be assigned to her courtroom. CSO Larry Beach, dressed in the required attire for court security offi-

---

* The HONORABLE ANDREW W. BOGUE, Senior United States District Judge for the Western Division of the District of South Dakota, sitting by designation.

1. Honorable Paul A. Magnuson, Chief Judge of the United States District Court, District of Minnesota.

cers,[2] was positioned in the back row of spectator seating. When the trial resumed, the attorney for the state used the word "Indians" during closing argument. Appellant, seated in the back row of spectators across the aisle from CSO Beach, called out "Native Americans."

CSO Beach sought to remove appellant from the courtroom. Although initially reluctant, appellant left the courtroom without incident. Once outside CSO Beach told appellant he could not make outbursts in the courtroom. Appellant responded that he was aware of that, and requested he be given another chance to attend the trial. CSO Beach told appellant he would have to leave the building at which time appellant attempted to walk around the officer.

Accounts of the facts at this point are disputed, but suffice to say a confrontation ensued with CSO Beach attempting to restrain appellant and requesting assistance from other court security officers in the building. Four officers responded and appellant was eventually handcuffed and escorted to the elevator. Officers testifying at appellant's trial indicated appellant threw punches and elbows at various officers and resisted removal vehemently. Appellant testified he did little to resist beyond attempting to throw his arms in the air to break free and moving his leg to avoid being kicked in the groin. He also testified to mildly resisting the officers' attempts to handcuff him.

Appellant was charged by indictment of violating 18 U.S.C. § 111(a)(1), which prohibits forcibly assaulting, resisting, opposing, impeding, or interfering with a federal officer while engaged in the performance of official duties.[3] A jury found him guilty on October 14, 1994. Appellant was sentenced to two years probation with four months home detention and 100 hours of community service. Appellant was also ordered, as a condition of probation, to participate in a program ap-

proved by the probation office for psychiatric or psychological treatment.

## DISCUSSION
### I.

As part of the instructions to the jury, the district court, over appellant's objection, instructed on the defense of self-defense. Appellant contended he was not raising that particular defense and that the defense presupposes the use of some force, which he claimed was contradictory to the evidence presented at trial.[4] Appellant assigns error to the giving of the self defense instruction as a misstatement of law given the facts presented at trial.

■ We review a challenge to jury instructions for abuse of discretion. *United States v. Parker*, 32 F.3d 395, 400 (8th Cir. 1994). The district court is given wide discretion in formulating instructions and this court "will affirm if the entire charge to the jury, when read as a whole, fairly and adequately contains the law applicable to the case." *United States v. Casas*, 999 F.2d 1225, 1230 (8th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 894, 127 L.Ed.2d 86 (1994). The abuse of discretion standard is highly deferential in that this court will not substitute its judgment for that of the district court, but must be convinced that the district court committed a clear error in judgment in reaching its conclusion after weighing the relevant factors. *United States v. West*, 28 F.3d 748, 750 (8th Cir.1994).

■ The district court's instruction number 18 stated in part:

In regard to the crime of forcible assault, resistance, opposition, impediment or interference with a federal officer as alleged in the indictment, the defendant asserts that he was acting in self defense. If the Defendant Herbert Henry Lynch, Jr., did not know the official status of the person assaulted, resisted, opposed, imped-

---

**2.** CSO required attire includes a blue blazer, white shirt, red striped tie, gray slacks, and a badge identifying the person as a court security officer.

**3.** Charges against the appellant related exclusively to his conduct vis a vis CSO Beach.

**4.** Appellant's position is that he pleaded not guilty to the offense charge based on his assertion that he had not forcibly assaulted or resisted anyone.

ed or interfered with and if the defendant Herbert Henry Lynch, Jr., obviously believed that he was being attacked, the defendant would be allowed to use reasonable force to defend himself. The defendant, however, may not use more force than is necessary to defend himself.

Appellant does not contend the district court's instruction was an erroneous statement of law of self-defense as a general matter. Instead he asserts the instruction was a misstatement of the law in that it was not supported by the evidence. An otherwise correct statement of law may be a "misstatement" if the facts of the case do not merit the instruction. *United States v. Black*, 692 F.2d 314, 318 (4th Cir.1982).

■ The United States requested the instruction in question and maintains that the instruction was properly supported by the evidence presented at trial. The government relies on testimony of the appellant himself in support of its position. Specifically they note appellant's testimony that he became "a little irritated" when one of the court security officers tried to kick him and that soon after he "inhaled like a weightlifter" and tried to shoot his arms into the air. He further admitted to scuffling with the officers while resisting being handcuffed and that the officers succeeded in handcuffing him only "after a while." The government further notes defense counsel injected appellant's fear for his safety as a reason for his action:

Q. When the officers were trying to cuff you and take you over to the elevator, did they say, "We're taking you over to the elevator now."?

A. No.

Q. So, they didn't say where they were taking you?

A. No.

Q. Did they say, "Don't worry, we are not going to kick you again."?

A. No.

The United States asserts that the foregoing demonstrates that, in everything but name, appellant was asserting self-defense for his actions. We agree. Despite the fact that appellant's primary theory of defense was that he used no force in resisting the officers, his testimony implicitly interjected what he was expressly disclaiming. He cannot have it both ways. His statements put the matter of self-defense in issue. If the above-indicated portions of appellant's testimony aren't related to self-defense, they are tantamount to *admitting* at least the element of forcible resistance in the crime charged.[5] The appellant was not harmed by the district court's instruction on self-defense, particularly as the self-defense instruction added an additional element which must be proved by the government beyond a reasonable doubt.[6]

The appellant had the opportunity to argue his theory of defense to the jury. *United States v. Felici*, 54 F.3d 504, 506 (8th Cir. 1995) (finding no error in the district court's rejection of a proposed theory of defense instruction). At the most, the district court's instruction forced the appellant to argue in the alternative. Any inconsistency or difficulty with this argument was not rooted in

---

5. The jury was instructed that the essential elements under 18 U.S.C. § 111(a)(1) to be proved by the government beyond a reasonable doubt included; 1) the defendant forcibly assaulted, resisted, opposed, impeded or interfered with CSO Beach, 2) that at the time of the incident in question CSO Beach was an officer or employee of the United States, 3) that at the time of the incident in question CSO Beach was engaged in official duties, and 4) the assault, resistance, opposition, impediment, or interference was done voluntarily and intentionally. District Court's Instruction No. 14.

6. The district court's Instruction No. 18 concluded that:

The Government may answer [defendant's assertion of self-defense] if in addition to prov-

ing the four essential elements of the offense charged as previously given to you, the government also proves, beyond a reasonable doubt, one of the following two propositions:

*One*, at the time of the conduct charged in the Indictment, the Defendant Herbert Henry Lynch, Jr. actually knew that the individual identified in the Indictment as a federal officer was a government officer, or

*Two*, the force used by the Defendant Herbert Henry Lynch, Jr. was excessive and would not have been justified even if the person identified in the Indictment as a federal officer was a private citizen and not a federal officer.

The Government must prove beyond a reasonable doubt that the Defendant did not act in lawful self-defense.

the district court's instruction, but the testimony offered by the appellant himself. Because the instruction was a correct statement of the law, and because there was evidentiary support for it, we conclude that the district court did not err in giving the self-defense instruction. *United States v. McMillan*, 820 F.2d 251, 258 (8th Cir.1987).

## II.

As part of appellant's sentence of probation, the district court imposed a condition that the appellant participate in a program for psychiatric or psychological treatment. Appellant contends this condition was an abuse of discretion in that the condition was not reasonably related to the crime charged. We have fully considered appellant's argument and conclude it is without merit. Psychiatric or psychological treatment is one of the discretionary conditions of probation which is expressly authorized by statute. 18 U.S.C. § 3563(b)(10). Given the nature of the appellant's conduct giving rise to the charged offense, we conclude the district court did not abuse its discretion.

## CONCLUSION

For the reasons stated, we affirm the decisions of the district court.