UNITED STATES of America, Appellee,

v.

Laurence Robert OTTO, Appellant.

No. 95–1104.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1995.

Decided Aug. 23, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied Oct. 6, 1995.

Virginia G. Villa, Asst. Federal Public Defender, Minneapolis, MN, argued, for appellant.

Michael W. Ward, Asst. U.S. Atty., Minneapolis, MN, argued, for appellee.

Before BEAM, Circuit Judge, ROSS, Senior Circuit Judge, and MURPHY, Circuit Judge.

BEAM, Circuit Judge.

Laurence Robert Otto was convicted of possessing an unregistered sawed-off rifle in violation of 26 U.S.C. § 5861(d). The district court[1] imposed a sentence of seventy-two months. Otto appeals both his conviction and his sentence. We affirm.

## I. BACKGROUND

In March 1994, Otto was indicted by a federal grand jury on two weapons charges and ten counts of mailing a threatening communication. The charges accused Otto of being the "man in black" who had stalked and harassed Marilyn O'Leary and Clinton Bloom by firing bullets into their unoccupied vehicles, sending threatening letters, and sending O'Leary a bra with a red target sticker affixed. Prior to these incidents,

Otto and O'Leary had dated for a time. The harassment allegedly began after O'Leary ended her relationship with Otto and began dating Bloom.

All twelve counts of the indictment were tried to a jury, but Otto was convicted of only one count: possessing an unregistered sawed-off rifle in violation of 26 U.S.C. § 5861(d). The district court sentenced Otto to a prison term of seventy-two months. The sentence incorporated a two-level enhancement for obstruction of justice and a six-level upward departure.

## II. DISCUSSION

On appeal, Otto contends he is entitled to a new trial because the jury was not properly instructed on the elements of a violation of 26 U.S.C. § 5861(d). In the alternative, Otto seeks resentencing on the grounds that the enhancement and the upward departure were not warranted.

### A. Jury Instruction

The National Firearms Act (the Act) makes it unlawful to possess a "firearm," as that term is statutorily defined, unless it is registered. 26 U.S.C. § 5861(d). There is no dispute that the sawed-off rifle found in Otto's possession was an unregistered "firearm."[2] However, Otto contends that the district court erred in refusing his requested jury instruction on the *mens rea* required to establish a violation of section 5861(d). We review a challenge to a jury instruction for abuse of discretion and will affirm if the entire charge fairly and adequately contains the law applicable to the case. *United States v. Lynch*, 58 F.3d 389, 391 (8th Cir.1995).

Otto proposed an instruction requiring the jury to find that "the defendant knew that the weapon he possessed was a firearm of a type that required it to be registered to him in the National Firearms Registration and Transfer Records." The district court re-

---

1. The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

2. The weapon was a .22 caliber rifle with the barrel and the stock sawed off. Its overall length was 22 inches with a barrel length of 11½ inches. A weapon made from a rifle is a "firearm" if, as modified, its overall length is less than 26 inches or its barrel length is less than 16 inches. 26 U.S.C. § 5845(a).

fused this instruction. Instead, the court instructed the jury that a required element of the offense was that Otto "knew that the firearm had been modified to reduce its barrel length or its overall length...."

■ The Supreme Court addressed the *mens rea* required to establish a violation of the Act in *Staples v. United States*, —— U.S. ——, ——, 114 S.Ct. 1793, 1804, 128 L.Ed.2d 608 (1994). Under *Staples*, the Government must prove that the defendant knew of the features of the weapon that brought it within the scope of the Act. *Id.* at ——, 114 S.Ct. at 1804. In this case, the court's instruction, as previously noted, required the jury to find that Otto knew the weapon had been modified to reduce its barrel length or overall length. Since the shortened barrel and overall length were the features of the weapon which made it a "firearm," *see supra* note 2, the instruction fairly and adequately set forth the *mens rea* requirement.[3] Otto is not entitled to a new trial.

### B. Obstruction of Justice Enhancement

■ The Sentencing Guidelines provide for an increase in offense level if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense...." U.S.S.G. § 3C1.1. Here, the district court imposed an obstruction of justice enhancement based on Otto's conduct during the investigation of the "man in black" incidents. Otto tried to conceal his role by claiming to be a victim. He claimed that he had received threatening letters himself and showed one of these letters to a police officer.[4] Otto also asked police to investigate target stickers which, with the assistance of a friend, he had placed on his own vehicle. We review the district court's

factual findings for clear error, but review de novo its determination that an obstruction of justice enhancement applies. *United States v. McCoy*, 36 F.3d 740, 742 (8th Cir.1994).

■ To the extent Otto's conduct involved false statements made to law enforcement officers, the enhancement applies only if the statements "significantly obstructed or impeded" the investigation. *See* U.S.S.G. § 3C1.1, comment. (n. 3(g) & n. 4(b)). Otto argues that the enhancement does not apply because his conduct had no real effect on the investigation or prosecution of the case. This argument fails.

■ The district court found that Otto's statements to the law enforcement officers significantly obstructed or impeded the investigation.[5] This factual finding is not clearly erroneous. Even if the false statements are disregarded, the remaining conduct clearly supports an enhancement. By creating false evidence (the letter and target stickers), Otto attempted to obstruct or impede the investigation. *See* U.S.S.G. § 3C1.1, comment. (n. 3(c)). As to this conduct, we need not consider whether the attempt had any actual effect on the investigation. *See United States v. St. James*, 38 F.3d 987, 988 (8th Cir.1994).

■ Otto also argues that the enhancement was improper because none of his obstructive acts were directly related to the "instant offense"—possession of an unregistered firearm. We disagree. Otto's involvement in the "man in black" incidents was relevant to determining an appropriate sentence for the "instant offense." Otto sought to conceal evidence relevant to determining whether it was necessary to depart upward from the normal Guideline sentence for the unregistered firearm conviction. Under the law of this circuit, this is a sufficient relation-

---

3. Based on our resolution of this issue, we need not consider whether a sawed-off rifle is of such a "quasi-suspect" character that a lesser *mens rea* showing would be sufficient. *See Staples*, —— U.S. at ——, 114 S.Ct. at 1800; *United States v. Barr*, 32 F.3d 1320, 1323–24 (8th Cir.1994).

4. The evidence at trial showed that the letter Otto allegedly received had been typed on a typewriter found in Otto's possession.

5. Though the district court could have been more clear, the court's ruling at sentencing is fairly read to include at least an implicit finding that Otto's conduct significantly impeded the investigation. Sentencing Tr. at 8 (setting forth criteria in § 3C1.1 comment. (n. 3(c))).

ship to support the enhancement. *See United States v. Lamere*, 980 F.2d 506, 515 (8th Cir.1992). The district court properly enhanced Otto's sentence for obstruction of justice.

### C. Upward Departure

 The district court imposed a six-level upward departure on the grounds that Otto's harassment of O'Leary and Bloom was extreme conduct, *see* U.S.S.G. § 5K2.8, that inflicted extreme psychological injury, *see* U.S.S.G. § 5K2.3. Without relying on acquitted conduct, the court found that Otto had stalked and terrorized O'Leary, Bloom, and O'Leary's children over an eighteen-month period. The court characterized Otto's conduct as an insistent and persistent series of acts that destroyed O'Leary's privacy and personal security.

We apply a three-step analysis in reviewing an upward departure. *United States v. Nomeland*, 7 F.3d 744, 747 (8th Cir.1993). We consider:

> 1) whether, as a question of law, the circumstances the district court relied on for departure are sufficiently unusual in kind or degree to warrant departure; 2) whether, as a question of fact, the circumstances justifying departure actually exist; and 3) whether the sentence is reasonable.

*Id.* As to the first question, we agree with the district court that the circumstances were sufficiently unusual in kind to warrant departure. The nature of Otto's conduct and the trauma it inflicted upon O'Leary and her children are not taken into account in the Guideline sentence for possessing an unregistered firearm. Otto argues that the circumstances do not warrant departure because his stalking conduct is not "relevant conduct." This argument ignores the fact that a sentencing court may consider other than relevant conduct in determining whether to depart upward. U.S.S.G. § 1B1.4; *United States v. Muzingo*, 999 F.2d 361, 363 (8th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 575, 126 L.Ed.2d 474 (1993).

As to our second inquiry, we find that the existence of the unusual circumstances is supported by the record. There is evidence that Otto stalked and otherwise harassed O'Leary and Bloom, thereby inflicting severe psychological injury. Otto argues to the contrary on the grounds that the jury acquittal somehow bound the district court to accept the jury's credibility determinations. Our cases hold otherwise. Even as to acquitted conduct, which the court did not rely on in this case, a sentencing court may find that certain facts were proven by a preponderance of the evidence even though the jury found the same facts not proven beyond a reasonable doubt. *United States v. Freeman*, 30 F.3d 1040, 1041 (8th Cir.1994).

Otto also argues that the evidence of psychological injury is insufficient to support a departure on the basis of U.S.S.G. § 5K2.3. We disagree. There is evidence indicating that as a result of Otto's harassment, O'Leary lived in constant fear for herself and for her children and was always on the lookout for Otto. She could not eat or sleep, lost weight, required counseling, and already fears Otto's ultimate release. The psychological injury is obvious based on the victim's testimony and on common sense and experience. *See United States v. Passmore*, 984 F.2d 933, 936 (8th Cir.1993). Psychological injury seems to have been the whole point of Otto's stalking activity.

In the final step of our review, we consider whether the upward departure was reasonable, giving due deference to the fact that the district court has a "superior feel" for the case. *See United States v. Sweet*, 985 F.2d 443, 445 (8th Cir.1993). Applying this standard, we find that the six-level departure was reasonable. Otto's arguments to the contrary are without merit. The district court properly departed upward from the Guideline sentence.

### III. CONCLUSION

For the foregoing reasons, Otto's conviction for possession of an unregistered firearm and the accompanying sentence are af-

firmed.[6]

**6.** Otto's motion for release pending appeal is denied.