# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2504WMKC

_____

United States of America,         *
                                  *

            Appellee.    *     Appeal from the United States
                                 *     District Court for the Western
            v.           *     District of Missouri
                                 *

John C. Kingston,          *
                                 *

           Appellant.   *

_____

Submitted: February 14, 2001

Filed: May 2, 2001

_____

Before LOKEN, BYE, Circuit Judges, and STROM,[*] District Judge.

_____

STROM, District Judge.

John C. Kingston ("Kingston") appeals from the sentencing decision of the district court.[1] We hold that the district court did not abuse its discretion in departing upward from the Sentencing Guidelines. Furthermore, we hold the amount of departure is sufficiently supported by evidence and not unreasonable. Finally, we hold that the

_____

[*] The Honorable Lyle E. Strom, Senior Judge, District of Nebraska, sitting by designation.

[1] The Honorable Gary A. Fenner, United States District Court Judge for the Western District of Missouri, Western Division.

district court's refusal to grant defendant's motion to depart downward for Kingston's early restitution of $51,000 is non-reviewable.

## Background

On September 10, 1999, a criminal complaint charged Kingston with the interstate transportation of money obtained by fraud, in violation of 18 U.S.C. § 2314. On that same day, Kingston was arrested and detained. On September 22, 1999, an indictment was returned, charging Kingston with three counts of interstate transportation of money obtained by fraud. Specifically, the Indictment alleged that Kingston devised a scheme whereby he convinced victims that he could solve their "tax problems" and negotiate Offers of Compromise with the Internal Revenue Service ("IRS"). Some of the victims were referred to Kingston by two loan officers at Community Home Bank. Kingston did not file or obtain any Offers of Compromise, and the tax liens on the victims' properties were not released. Kingston actually forged documents on some occasions, representing the Offers of Compromise were in fact accepted by the IRS. The victims then paid directly to Kingston the alleged amounts owed to the IRS, in addition to Kingston's fee. Where refinancing was involved, the check was issued by the bank to Kingston for the tax liability and his fees. Kingston did not forward any of these funds to the IRS. Apart from the scheme involving refinancing, Kingston prepared taxes for individuals. In some cases, he inflated the amount owed and then failed to submit the returns to the IRS. Kingston also took on the responsibility of forwarding child support payments for one victim, but he did not forward those payments, exposing that victim to criminal liability.

Kingston pleaded guilty to all three counts of the Indictment on November 22, 1999. No plea agreement was executed. On May 31, 2000, following a lengthy hearing involving numerous witnesses, Kingston was sentenced to forty-eight (48) months imprisonment, followed by three years of supervised release, restitution of $263,559, and a Special Assessment of $300, or $100 for each count. The government requested an upward departure in the sentence. The presentence investigation report also articulated factual circumstances suggesting an upward departure was warranted. The forty-eight (48) month sentence represented an upward departure from the sentencing guideline range of 18-24 months.

Kingston now appeals his sentence arguing that (1) the district court abused its discretion in departing upward, and if upward departure was justified, the departure of twice the maximum sentence was unreasonable; and (2) the district court abused its discretion in not departing downward for Kingston's early restitution of $51,000.

We review a district court's upward departure decision from the Sentencing Guidelines under the unitary abuse of discretion standard. United States v. Sample, 213 F.3d 1029, 1032 (8th Cir. 2000).

Discussion

I.    Upward Departure.

We have previously held that "departure is appropriate only in extraordinary cases where there exists an 'aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in

formulating the guidelines.'" <u>United States v. Sample</u>, 213 F.3d 1029, 1032 (8th Cir. 2000) (citing 18 U.S.C. § 3553(b)).

Section 2F1.1 of the Sentencing Guidelines, Application Note 11 states:

> In cases in which the loss determined under subsection (b)(1) [amount of loss attributable to the fraud] does not fully capture the harmfulness and seriousness of the conduct, an upward departure may be warranted.

U.S. Sentencing Guidelines Manual § 2F1.1, cmt. n.11 (1998). The district court mainly relied upon this section for the upward departure. Specifically, the district court found that apart from financial loss of the victims, they have also encountered complicated tax issues as a result of the defendant's conduct, that the loss contemplated by the guidelines did not take into account the substantial financial steps taken by the victims as a result of Kingston's conduct, that Kingston's past conviction for impersonating a federal employee was not considered in calculating his criminal history category, that Kingston's failure to properly handle child support payments entrusted to him by a victim, and thus exposing that victim to criminal liability was particularly egregious, and that the number of fraudulent schemes involved and their continuance after Kingston was confronted by the FBI all warranted upward departure.

The grounds upon which the district court relied in departing upward are permissible and are not already taken into account by the Sentencing Guidelines.[2] Furthermore, based upon a review of the record, we conclude that there is sufficient evidence to support the upward departure on the grounds articulated by the district court, and thus, the district court committed no error.

As to the amount of departure, we give great deference to a district court's determination of the amount of departure, as that court has the "superior feel for the case." United States v. Otto, 64 F.3d 367, 371 (8th Cir. 1995). Kingston's comparison of his case to factually incongruent cases does not support his assertion that an upward departure amounting to twice the guideline range is unreasonable. Given the number of permissible reasons for upward departure, we find that the sentence imposed by the district court was not unreasonable.

---

[2] See U.S. Sentencing Guidelines Manual § 2F1.1, cmt. n. 11 (1998). See also United States v. Saffeels, 39 F.3d 833, 837-38 (8th Cir. 1994) (holding that a district court may depart upward based upon based criminal conduct, when such conduct is not included in the computation of criminal history category); United States v. Moskal, 211 F.3d 1070, 1074 (8th Cir. 2000) (holding that a district court may depart upward based upon a significant number of fraudulent schemes conducted by the defendant).

II.     Downward Departure.

In his motion for downward departure, Kingston claims his payment to the FBI qualifies as an extraordinary effort at restitution, and a downward departure beyond acceptance of responsibility is warranted.  The district court understood its power to depart but declined to grant defendant's motion.  We lack the power to review the district court's decision because the court understood it had the power to depart.  See, e.g., United States v. Loud Hawk, No.00-2909, 2001 WL 314888 (8th Cir. April 3, 2001) and United States v. Jones, 145 F.3d 959, 965 (8th Cir. 1998).


Accordingly, the sentence of the district court is affirmed.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT