# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-4038

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| James Warren Sarff, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |
| | * | |

_____

Submitted: June 12, 2001
Filed: July 2, 2001

_____

Before BOWMAN and HEANEY, Circuit Judges, and KOPF,[1] District Judge.

_____

PER CURIAM.

James Warren Sarff (Sarff) was convicted of one count of kidnaping in violation of 18 U.S.C. § 1201(a)(1) and three counts of interstate domestic violence in violation of 18 U.S.C. § 2261(a)(2). Sarff appeals and we affirm.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, sitting by designation.

Imposing a 72-month upward departure from the high end of the otherwise applicable custodial range (108 months), the district court[2] sentenced Sarff to 180 months in prison on Count 1. In addition, the judge sentenced Sarff to concurrent sentences of 60 months in prison on Count 2, 120 months in prison on Count 3, and 180 months in prison on Count 4.

Regarding Count 4 which charged Interstate Domestic Violence Causing Life-Threatening Bodily Injury, Sarff claims that the evidence was insufficient to convict him of causing life-threatening injury. He also claims that the district judge abused her discretion by imposing a 72-month upward departure. Neither argument is persuasive.

First, we must examine the evidence in the light most favorable to the government. See, e.g., United States v. Easley, 70 F.3d 65, 67-68 (8th Cir. 1995) ("The standard of review for a claim of insufficient evidence is very strict and the verdict of the jury should not be overturned lightly. . . . [W]e must review the evidence in the light most favorable to the government and accept all reasonable inferences supporting the verdict.") (citation omitted). Using that standard, the evidence was plainly sufficient to convict Sarff of causing a life-threatening injury to the victim. Sarff choked his former wife until she was unconscious. She suffered a stroke as a result. Indeed, for a time, Sarff thought he had killed her. The fact that the victim is doing well now does not disprove the life-threatening nature of the injury.

Second, recognizing that we use an abuse of discretion standard when reviewing upward departure decisions, see, e.g., United States v. Kingston, 249 F.3d 740, 742 (8th Cir. 2001) (upward departure amounting to twice the Sentencing Guideline range was not unreasonable when reviewed under the abuse of discretion standard), the district judge did not abuse that discretion when the judge departed. The judge gave several

[2]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

reasons for departure, and each was supported by the law and the facts. In addition, and given the deference required by our standard of review, the extent of the departure appears reasonably related to the purposes of the Guidelines. Id. at 743 ("[W]e give great deference to a district court's determination of the amount of departure, as that court has the 'superior feel for the case.'") (quoting United States v. Otto, 64 F.3d 367, 371 (8th Cir. 1995)).

The judge believed the criminal history category of I was understated and such understatement warranted a departure. U.S.S.G. § 4A1.3 p.s. (adequacy of criminal history category). There was sufficient evidence for the judge to come to this conclusion. See, e.g., United States v. Cook, 972 F.2d 218, 221-22 (8th Cir. 1992) (in making a § 4A1.3 departure, the district court properly considered the defendant's continuing pattern of assault).

It is undisputed that Sarff had an assault conviction involving his father-in-law plus an aggravated assault conviction involving the victim that were not counted for criminal history purposes due to their age. Moreover, the judge thought that Sarff's kidnaping of his former wife was a part of a "violent and rageful" history of abuse that he had visited upon her since about the time of the uncounted aggravated assault. A videotaped interview of the victim conducted shortly after she was rescued supports the judge's view of the abusive history of the relationship.

Relying upon U.S.S.G. § 5K2.0 p.s. (grounds for departure) and U.S.S.G. § 5K2.8 p.s. (extreme conduct), the judge also believed that Sarff prolonged the victim's pain and humiliation and that such inhumane treatment warranted a significant departure. Once again, the record was sufficient to support the judge's discretionary decision on this point. See, e.g., United States v. Loud Hawk, 245 F.3d 667, 670 (8th Cir. 2001) ("[T]he barbaric circumstances of this case warrant significant punishment") (collecting cases affirming substantial upward departures under § 5K2.8)).

Sarff forcibly removed his victim from Minnesota and fled with her to Mexico. While there he pulled her hair and shook her head violently when he became upset with her. He told her they would never return to their family. All of this took place while the victim's left arm hung limp at her side as a result of the stroke caused by the defendant's initial assault. The fact that the defendant was sometimes "kind" to the victim does not excuse this beastly behavior for departure purposes.

In short, there was no error. Accordingly, the conviction and sentence of the defendant is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.