OPINION
 

 Per Curiam:
 

 The State tried and convicted appellant Anthony Lavon Doyle of first-degree murder, conspiracy to commit murder, first-degree kidnapping and sexual assault. The jury returned a sentence of death. On direct appeal, we reversed Doyle’s conviction for sexual assault, but affirmed the remaining convictions and sentence of death. Doyle thereafter petitioned the district court for post-conviction relief and alleged that his trial counsel were ineffective on numerous grounds. After conducting an evidentiary hearing, the district court denied the petition. This appeal followed.
 

 On appeal, Doyle alleges that the district court erred in determining that trial counsel were not ineffective for (1) failing to seek suppression of Doyle’s statement to police; (2) failing to seek suppression of evidence recovered during a search of Doyle’s residence; (3) failing to object to the admission into evidence of a pair of stained denim pants; (4) failing to object to the admission and projection display of color autopsy photographs; (5) failing to request a jury instruction or object to the instruction given on sexual assault; and (6) failing to adequately research issues in preparation for trial. Doyle also argues that the district court erred in determining that reversal is not warranted on the basis of cumulative error caused by ineffective trial counsel. We reject Doyle’s arguments and affirm.
 

 
 *153
 

 FACTS
 

 A
 
 full explanation of the facts is contained in our opinion resulting from Doyle’s direct appeal.
 
 See
 
 Doyle v. State, 112 Nev. 879, 921 P.2d 901 (1996). As explained therein, on January 16, 1994, the nude body of twenty-year-old Ebony Mason was discovered in a desert area of Clark County, Nevada. Mason had been beaten and strangled to death, and a four-inch twig protruded from her rectum. Doyle in association with two co-defendants was charged with one count each of first-degree murder, conspiracy to commit murder, first-degree kidnapping and sexual assault. Doyle pleaded not guilty to all charges. The State filed notice of intent to seek the death penalty. The matter proceeded to a jury trial commencing January 3, 1995. Doyle presented a defense of “mere presence.” The jury returned a guilty verdict as to each count. Following a penalty hearing, the jury found three aggravating circumstances and no mitigating circumstances sufficient to outweigh the aggravating circumstances and imposed a sentence of death. The district court additionally sentenced Doyle to consecutive life terms of imprisonment for first-degree kidnapping and sexual assault, and a concurrent six-year term of imprisonment for conspiracy to commit murder.
 

 On direct appeal, this court concluded that insufficient evidence was adduced to show that sexual penetration occurred prior to Mason’s death, and we reversed Doyle’s conviction for sexual assault.
 
 Doyle,
 
 112 Nev. at 895-900, 903, 921 P.2d at 912-15, 916. However, we rejected Doyle’s remaining contentions and affirmed his remaining convictions and sentence of death.
 
 Id.
 
 at 903, 921 P.2d at 916.
 

 On June 26, 1997, Doyle filed in the district court a proper person post-conviction petition for a writ of habeas corpus claiming ineffective assistance of counsel. Appointed counsel filed documents in support of the petition. Counsel argued before the district court that Doyle’s trial counsel were ineffective for (1) failing to seek suppression of Doyle’s statement to police; (2) failing to seek suppression of evidence recovered during a search of Doyle’s residence; (3) failing to object to the admission into evidence of the pair of stained denim pants; (4) failing to object to the admission and projection display of color autopsy photographs depicting injuries suffered by Mason; and (5) failing to request a jury instruction or object to the instruction given on sexual assault. Counsel also argued that reversal was warranted on the basis of cumulative error caused by ineffective trial counsel.
 

 On January 26, 1998, and July 8, 1998, the district court held an evidentiary hearing and heard argument on Doyle’s petition. The district court then denied the petition. Doyle filed a timely appeal.
 

 
 *154
 

 DISCUSSION
 

 Pursuant to Strickland v. Washington, 466 U.S. 668 (1984), to prevail on a claim of ineffective counsel, a defendant must show (1) that counsel’s performance was deficient, i.e., it fell below an objective standard of reasonableness, and (2) that the deficient assistance prejudiced the defense, i.e., but for counsel’s errors, the result of trial would probably have been different. Dawson v. State, 108 Nev. 112, 115, 825 P.2d 593, 595 (1992) (citing
 
 Strickland,
 
 466 U.S. at 687-88, 694). A court may consider the two test elements in any order and need not consider both if the defendant makes an insufficient showing on either one. Kirksey v. State, 112 Nev. 980, 987, 923 P.2d 1102, 1107 (1996) (citing
 
 Strickland,
 
 466 U.S. at 697).
 

 I.
 
 Failure to challenge the admissibility of Doyle’s statement to police as tainted by a pretextual arrest
 

 Doyle contends that the district court applied the wrong standard in determining that Doyle’s trial counsel were not ineffective for failing to seek suppression of Doyle’s post-arrest, post-
 
 Miranda
 
 statement to police. Doyle argues that the district court should have applied the standard first adopted in Alejandre v. State, 111 Nev. 1235, 1239-40, 903 P.2d 794, 796 (1995), reaffirmed in Taylor v. State, 111 Nev. 1253, 1255-57, 903 P.2d 805, 807-08 (1995), and subsequently abandoned in Gama v. State, 112 Nev. 833, 836-37, 920 P.2d 1010, 1012-13 (1996) (overruling
 
 Alejandre
 
 and
 
 Taylor),
 
 to determine whether Doyle’s statement to police was tainted by an impermissibly pretextual arrest made by Doyle’s parole officer. Doyle contends that under
 
 Alejandre’s
 
 test, a motion to suppress his statement would have been meritorious, and thus, trial counsel were ineffective for failing to make such a motion. We conclude that this contention lacks merit.
 

 When an ineffective assistance of counsel claim is based upon counsel’s failure to file a motion to suppress a confession or a motion to suppress evidence allegedly obtained in violation of the Fourth Amendment, “the prejudice prong must be established by a showing that the claim was meritorious and that there was a reasonable likelihood that the exclusion of the evidence would have changed the result of a trial.”
 
 Kirksey,
 
 112 Nev. at 990, 923 P.2d at 1109.
 

 In
 
 Alejandre,
 
 we recognized that two competing tests had emerged to determine whether a stop by police which is alleged
 
 *155
 
 to be pretextual violates the Fourth Amendment: (1) the “would” test, under which a stop is impermissibly pretextual unless a reasonable officer would have made the stop absent the invalid purpose, and (2) the “could” test, under which a stop is valid so long as the officer was legally authorized to make the stop, even if the officer would have ignored the underlying valid justification for the stop but for his other suspicions. We then adopted the “would” test, concluding that it was supported by persuasive reasoning.
 
 Alejandre,
 
 111 Nev. at 1239-40, 903 P.2d at 796;
 
 see also Taylor,
 
 111 Nev. at 1257, 903 P.2d at 807-08.
 

 In
 
 Gama,
 
 this court recognized that the “would” test as applicable to claims of pretext was discredited by the Supreme Court’s ruling in Whren v. United States, 517 U.S. 806 (1996).
 
 Gama,
 
 112 Nev. at 836, 920 P.2d at 1012-13. In
 
 Whren,
 
 the Court held that the temporary detention of a motorist upon probable cause to believe that he has violated the traffic laws does not violate the Fourth Amendment’s prohibition against unreasonable searches and seizures, even if a reasonable officer would not have stopped the motorist absent some additional law enforcement objective.
 
 Whren,
 
 517 U.S. at 808-19. In so doing, the Court recognized that subjective intentions play no role in ordinary probable-cause Fourth Amendment analysis.
 
 [1]
 

 Id.
 
 at 813. Based on
 
 Whren’s
 
 holding, this court in
 
 Gama
 
 stated that it was constrained to overrule
 
 Alejandre
 
 and
 
 Taylor
 
 to the extent that each required application of the “would” test to pretext claims under the Fourth Amendment and the Nevada Constitution, article 1, section 18 (protecting against unreasonable seizures and searches).
 
 Gama,
 
 112 Nev. at 836, 920 P.2d at 1013. We then determined that the “could” test was the proper test to apply where a claim of pretext is made.
 
 Id.
 
 at 836-37, 920 P.2d at 1013.
 

 Doyle argues that
 
 Alejandre
 
 was the controlling law at the time of his arrest and that
 
 Gama
 
 applies prospectively only. Doyle acknowledges that
 
 Alejandre
 
 was not decided until October 4, 1995, which was after Doyle’s January 1995 trial. Nevertheless, he argues that the
 
 Alejandre
 
 “would” test “did not materialize out of thin air,” as this court had previously recognized a “would” test in Hatley v. State, 100 Nev. 214, 678 P.2d 1160 (1984), and this test was already recognized in other jurisdictions
 
 *156
 
 as indicated in
 
 Alejandre.
 
 Therefore, he contends that trial counsel should have recognized the existence of legally-cognizable grounds to support a motion to suppress. Further, Doyle argues that if the issue had been preserved, appellate counsel could have raised it after
 
 Alejandre
 
 was decided.
 

 We conclude that Doyle is mistaken in his contention that
 
 Alejandre
 
 merely restated the law as it was declared in
 
 Hatley.
 
 In
 
 Hatley,
 
 the appellant claimed in a post-conviction petition that he had been illegally arrested at his home without a warrant. 100 Nev. at 215, 678 P.2d at 1161. The State opposed the petition by attaching a sworn affidavit stating that the appellant was arrested on a bench warrant for failure to appear for a traffic violation. The affidavit contradicted trial testimony. The district court denied the petition without an evidentiary hearing. This court concluded that an evidentiary hearing was necessary to resolve the conflict.
 
 Id.
 
 at 216-17, 678 P.2d at 1161-62. We then stated:
 

 Additionally, we note that an evidentiary hearing was necessary to determine the truth of appellant’s alternate contention that even if the arresting officers were aware of the existence of the misdemeanor bench warrant at the time of appellant’s arrest, they were nevertheless using it as an impermissible “pretext” to arrest appellant on the burglary charge. This contention, if true, would at least
 
 arguably
 
 entitle appellant to relief.
 

 Id.
 
 at 217, 668 P.2d at 1162 (emphasis added). Contrary to Doyle’s suggestion, the above quoted language in
 
 Hatley
 
 was “inconclusive dictum,” which merely alluded to the pretext issue, but did not express this court’s recognition of the “would” test as the proper test for pretext issues.
 
 Taylor,
 
 111 Nev. at 1260, 1262, 903 P.2d at 809-10, 811 (Steffen, C. L, concurring in result). The “would” test was not squarely addressed or embraced by this court until
 
 Alejandre
 
 was decided. The failure of counsel to anticipate a change in the law does not constitute ineffective assistance. Parker v. Bowersox, 188 F.3d 923, 929 (8th Cir. 1999);
 
 see also
 
 Leonard v. State, 114 Nev. 639, 659-60, 958 P.2d 1220, 1235 (1998),
 
 cert. denied,
 
 525 U.S. 1154 (1999). This is true even where, as here, the theory upon which the court’s later decision is based is available, although the court had not yet decided the issue.
 
 See
 
 Ruff v. Armontrout, 77 F.3d 265, 268 (8th Cir. 1996).
 

 Likewise flawed is Doyle’s reasoning that because
 
 Alejandre
 
 
 *157
 
 was decided while Doyle’s appeal was pending, he would have been entitled to application of
 
 Alejandre’s
 
 test had counsel preserved the issue for appeal. In
 
 Gama,
 
 which we decided on July 22, 1996, we adopted a new rule for determination of claims of pretext. “[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final” at the time the decision announcing the rule is rendered. Griffith v. Kentucky, 479 U.S. 314, 328 (1987). Under
 
 Griffith,
 
 “any new rule applies retroactively to all cases pending on direct review or not yet final . . . [and] [t]his is quite obviously equally true of [a] new ruling narrowing Fourth Amendment rights.” 5 Wayne R. LaFave, Search and Seizure § 11.5(d), at 358 (3d ed. 1996).
 
 See also
 
 State v. Thomas, 714 So. 2d 1176, 1177 (Fla. Dist. Ct. App. 1998) (applying
 
 Whren
 
 retroactively). A case is “final” when “a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.”
 
 Griffith,
 
 479 U.S. at 321 n.6. This court rendered its decision in Doyle’s direct appeal on July 22, 1996, the same date we decided
 
 Gama,
 
 and Doyle subsequently petitioned for rehearing. This court denied Doyle’s petition for rehearing on June 23, 1997. Clearly Doyle’s case had not become final prior to this court’s ruling in
 
 Gama,
 
 and therefore
 
 Gama’s
 
 “could” test would apply to any pretext claim made by Doyle.
 

 Furthermore, we conclude that Doyle has not demonstrated that his arrest was invalid even under
 
 Alejandre’s
 
 “would” test. His assertion of pretext is speculative at best. Doyle put forth no evidence of the circumstances leading to the parole officer’s decision to arrest other than evidence showing that Doyle had not been arrested for prior repeated violations of his parole conditions. The fact that Doyle’s parole officer did not arrest Doyle until after giving him numerous warnings for parole violations over the course of four months does not establish that he would have been permitted to remain free indefinitely absent police officers’ intent to question him regarding Mason’s murder. Thus, Doyle has not demonstrated that a reasonable parole officer would not have arrested him for repeatedly violating the conditions of his parole absent the police officers’ intent to question him for the murder.
 

 Accordingly, Doyle has failed to show that a motion to suppress based upon
 
 Alejandre ’s
 
 “would” test would have been meritorious. Therefore, we conclude that Doyle was not prejudiced by his counsel’s failure to challenge admission of his statement to police.
 

 
 *158
 
 II.
 
 Failure to challenge the admissibility of the fruits of a search of Doyle’s home on the basis that the search warrant was not based on probable cause
 

 Doyle argues that the district court erred in concluding that trial counsel were not ineffective for failing to seek suppression of a pair of denim pants and a pair of shoes which were recovered during a search of Doyle’s residence pursuant to a search warrant. The shoes were used by the State to tie Doyle to the crime scene and injuries to Mason’s body. Doyle contends that a motion to suppress this evidence would have been meritorious because the search warrant allowing for its seizure was not supported by probable cause. Doyle attacks the affidavit underlying the search warrant on grounds that the affidavit (1) was based on information furnished by an unreliable informant and insufficiently corroborated; (2) failed to show a nexus between the place to be searched, Doyle’s residence, and the items to be seized therefrom; and (3) omitted information and was misleading. We disagree.
 

 Whether probable cause is present to support a search warrant is determined by a totality of circumstances. Illinois v. Gates, 462 U.S. 213, 238 (1983); Keesee v. State, 110 Nev. 997, 1002, 879 P.2d 63, 67 (1994). A deficiency in either an informant’s veracity and reliability or his basis of knowledge “may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability.”
 
 Gates,
 
 462 U.S. at 233. Further, the issuing judge’s determination of probable cause should be given great deference by a reviewing court.
 
 Id.
 
 at 236. “ A grudging or negative attitude by reviewing courts toward warrants,’ is inconsistent with the Fourth Amendment’s strong preference for searches conducted pursuant to a warrant; ‘courts should not invalidate warrants] by interpreting affidavits] in a hypertechnical, rather than a commonsense, manner.’ ’ ’
 
 Id.
 
 (alterations in original) (internal citation omitted) (quoting United States v. Ventresca, 380 U.S. 102, 108-09 (1965)). The duty of a reviewing court is simply to determine whether there is a substantial basis for concluding that probable cause existed.
 
 Id.
 
 at 238-39;
 
 Keesee,
 
 110 Nev. at 1002, 879 P.2d at 67.
 

 We conclude that the affidavit here demonstrates a substantial basis for concluding that probable cause existed. The veracity of the informant may have been questionable based on the fact that he was incarcerated at the time of his tip to police. However, the information furnished by him was corroborated by details from
 
 *159
 
 the crime scene not released to the public, further investigation by police, and statements from two other witnesses. Therefore, we conclude that any deficiency in his reliability was adequately compensated.
 

 We reject Doyle’s contention that the affidavit failed to demonstrate an adequate nexus between his residence and the items to be seized therefrom. Probable cause requires a showing of ‘ ‘trustworthy facts and circumstances which would cause a person of reasonable caution to believe that it is more likely than not that the specific items to be searched for are: seizable and will be found in the place to be searched.”
 
 Keesee,
 
 110 Nev. at 1002, 879 P.2d at 66. Our review of the facts set forth in the affidavit shows probable cause to believe that items used in the crime and sought to be seized would be found at Doyle’s residence.
 

 Moreover, Doyle has failed to show that any information omitted from the affidavit or stated in an allegedly “misleading” manner would have undermined the probable cause determination. A defendant is not entitled to suppression of the fruits of a search warrant, even based on intentional falsehoods or omissions, unless probable cause is lacking once the false information is purged and any omitted information is considered.
 
 See
 
 Franks v. Delaware, 438 U.S. 154, 155-56 (1978) (addressing falsehoods); United States v. Cronan, 937 F.2d 163, 165 (5th Cir. 1991) (addressing omissions);
 
 see also
 
 Point v. State, 102 Nev. 143, 150, 717 P.2d 38, 43 (1986),
 
 disapproved of on other grounds by
 
 Stowe v. State, 109 Nev. 743, 857 P.2d 15 (1993). Here, considering the omitted information and purging the information claimed to be misleading, we conclude that the affidavit sufficiently demonstrates probable cause.
 

 A motion to suppress evidence seized from Doyle’s residence on the grounds of an invalid search warrant would not have been meritorious. Thus, Doyle has failed to demonstrate prejudice to support his claim of ineffective counsel.
 

 III.
 
 Failure to object to admission into evidence of stained pants
 

 Doyle claims that the district court erred in concluding that trial counsel were not ineffective for failing to object to admission into evidence of the denim pants recovered during a search of the bedroom closet in Doyle’s residence. Doyle specifically argues that the pants were not relevant evidence and their admission into evidence prejudiced him because the pants were stained with some unidentified substance, which the jury might have inferred was Mason’s blood. We conclude that the district court did not err.
 

 
 *160
 
 Even assuming that the state failed to demonstrate the relevance of this evidence, Doyle has not shown that he was prejudiced by its admission at trial. The other evidence adduced in support of Doyle’s guilt was strong. Additionally, Doyle does not dispute the court’s findings that the pants were introduced in a perfunctory manner without comment or further reference. We further note that the officer through whose testimony the pants were introduced testified only that the pants were seized “out of an abundance of caution.” No testimony or argument suggested that the stain was blood. In light of the foregoing facts, we conclude that Doyle has failed to demonstrate that, but for deficient performance of counsel, the result of trial would probably have been different.
 

 IV.
 
 Failure to object to admission into evidence and projection display of multiple autopsy photographs
 

 Doyle contends that the district court erred in concluding that trial counsel were not ineffective for failing to object to the admission and projection display of color autopsy photographs depicting injuries to Mason’s body. Doyle argues that the photographs were cumulative and gruesome, were inadmissible because the cause of death was not disputed, and should not have been displayed to the jury through a projection system. We conclude that Doyle’s contentions lack merit.
 

 Doyle has not shown that any of the photographs were duplicative, and we conclude that all were relevant to the cause of death and manner of injury. Most of the photographs depicted patterns on Mason’s body consistent with footwear impressions and were additionally relevant to show the relationship between Mason’s injuries and the soles of shoes found in Doyle’s possession. Trial counsel relied on some of these photographs to support Doyle’s defense of mere presence. Therefore, it is apparent that defense counsel made a strategic decision not to object to these photographs. Counsel’s strategy decisions are not subject to challenge absent extraordinary circumstances. Doleman v. State, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996). Two of the photographs depict injuries to Mason’s head and face, and are gruesome. However, even gruesome photographs are admissible if they aid in ascertaining the truth, such as when used to show the cause of death, the severity of wounds and the manner of injury. Browne v. State, 113 Nev. 305, 314, 933 P.2d 187, 192 (1997); Domingues v. State, 112 Nev. 683, 695, 917 P.2d 1364, 1373 (1996).
 

 
 *161
 
 Doyle’s argument that the autopsy photographs could not be utilized to show the cause of death where he did not dispute it is without merit. By pleading not guilty, a defendant puts all elements of the offense at issue. Sonner v. State, 112 Nev. 1328, 1338-39, 930 P.2d 707, 714 (1996),
 
 modified in part on other grounds on rehearing,
 
 114 Nev. 321, 955 P.2d 673,
 
 cert. denied,
 
 525 U.S. 886 (1998). Therefore, in the wake of Doyle’s not guilty plea, the photographs were admissible to prove the State’s case with essential facts relating to Mason’s murder.
 

 We similarly reject Doyle’s contention related to the display of the photographs. Here, the photographs were briefly projected onto a screen to aid the medical examiner in explaining his findings related to the cause of death and the manner of injury to the jury. While this court has not addressed the display of autopsy photographs through projection systems, we note that other state courts have approved of this method of facilitating the testimony of a medical examiner.
 
 See, e.g.,
 
 People v. Harris, 633 P.2d 1095, 1098 (Colo. Ct. App. 1981) (no error in permitting autopsy photographs to be displayed to jury via projected color slides); Keperling v. State, 699 A.2d 317, 319 (Del. 1997) (where photographic slides are admissible evidence, allowing their projection before jury does not constitute error); Ottis v. State, 496 S.E.2d 264, 269 (Ga. 1998) (projection method of presenting photographs of murder victim is permissible absent distortion or disproportion of what is depicted). This court has previously approved of the use of enlargements for such purposes.
 
 See
 
 Thomas v. State, 114 Nev. 1127, 1141, 967 P.2d 1111, 1120-21 (1998) (enlarged diagram of murder victim’s body),
 
 cert. denied,
 
 528 U.S. 830 (1999);
 
 see also
 
 Lloyd v. State, 94 Nev. 167, 169, 576 P.2d 740, 742 (1978) (enlarged photograph depicting injuries to rape victim). Additionally, we have long recognized the generally sanctioned rule that images properly admissible as photographs “may be projected to illustrate the testimony of witnesses.” State v. Kuhl, 42 Nev. 185, 204, 175 P. 190, 196 (1918). We are thus persuaded that where autopsy photographs are admissible, it is permissible to project the same images onto a screen as a means of assisting a medical examiner in explaining his or her findings relevant to the issues before a jury. Moreover, we conclude that under the circumstances present here no error resulted from the projection display of autopsy photographs.
 

 The district court would have been within its discretion in overruling any objection to the admission and projection display of the
 
 *162
 
 autopsy photographs. Therefore, we fail to perceive any prejudice to Doyle to warrant relief on his claim of ineffective counsel.
 

 V.
 
 Failure to request a jury instruction and failure to object to the instructions given on sexual assault
 

 Doyle argues that the district court erred in denying relief based on Doyle’s contention that trial counsel were ineffective for failing to request a jury instruction stating that sexual penetration of a dead body does not constitute sexual assault and for failing to object to the instruction given on sexual assault. We disagree.
 

 Doyle attempts to demonstrate prejudice by stating that any error as to the jury instruction on sexual assault was not preserved for appeal. However, Doyle fails to demonstrate the existence of any meritorious issues related to the jury instruction on sexual assault. We note that we have already determined on Doyle’s direct appeal that the sexual assault instruction given did not constitute plain error.
 
 Doyle,
 
 112 Nev. at 900, 921 P.2d at 915. Moreover, Doyle concedes that any prejudice may have been alleviated by this court’s reversal on direct appeal of his conviction for sexual assault. For these reasons, we conclude that Doyle has failed to demonstrate prejudice flowing from the failure to preserve for appeal issues related to the jury instruction on sexual assault.
 

 Doyle further argues that counsel’s failure to ensure that the jury was properly instructed during the guilt phase resulted in the jury’s belief that Doyle committed a sexual' assault. This, he contends, may have tipped the scales in the jury’s decision to return a verdict of death. In support of his argument, he points to the fact that in the penalty phase the jury was instructed that it could find as an aggravator to first-degree murder that the murder was committed while the person was engaged in the commission of or an attempt to commit any sexual assault. Our review of the record, however, reveals that the jury only found three aggravates: that the murder was committed by a person under sentence of imprisonment; that the murder was committed while the person was engaged in the commission of or attempt to commit any first-degree kidnapping; and that the murder was committed to avoid or prevent a lawful arrest or to effect an escape from custody. Therefore, we conclude that Doyle has failed to demonstrate that the jury’s verdict of death was influenced by counsel’s performance in relation to the jury instruction on sexual assault.
 

 
 *163
 
 VI.
 
 Failure to adequately research issues in preparation for trial and cumulative error
 

 Relying on the same claims of error asserted above, Doyle contends the district court erred in concluding that trial counsel adequately researched issues in preparation for trial and that cumulative error resulting from counsel’s ineffective assistance did not warrant reversal. However, Doyle has failed to demonstrate that he was prejudiced by deficient representation. Accordingly, we conclude that these additional claims lack merit.
 

 CONCLUSION
 

 All of Doyle’s contentions having failed to meet the
 
 Strickland
 
 test for ineffective assistance of counsel, we hereby affirm the judgment of the district court.
 

 [1]
 

 Doyle does not argue that his arrest is invalid under
 
 Gama
 
 or that the “could” test announced in
 
 Whren
 
 and adopted in
 
 Gama
 
 does not apply to arrests made by parole officers pursuant to NRS 176A.500. Moreover, we note that although
 
 Whren
 
 involved a traffic detention, its conclusion that subjective intentions play no role in ordinary probable-cause Fourth Amendment analysis is equally applicable to arrests.
 
 See
 
 United States v. Sayetsitty, 107 F.3d 1405, 1414 (9th Cir. 1997); United States v. Hathcock, 103 F.3d 715, 719 (8th Cir. 1997).