# IN THE SUPREME COURT OF THE STATE OF NEVADA

ORESTE PEREZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66803

FILED

JUN 16 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, for first-degree kidnapping, battery with intent to commit sexual assault, sexual assault, and coercion. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Appellant Oreste Perez first argues that the district court abused its discretion in denying his motion to suppress his police statements on the ground that his arrest warrant was not founded on probable cause. Statements made to the police following an illegal arrest may be suppressed. *Wong Sun v. United States*, 371 U.S. 471, 484-87 (1963). To be legal, an arrest must be based on probable cause. *Keesee v. State*, 110 Nev. 997, 1001, 879 P.2d 63, 66 (1994); *see* U.S. Const. amend. IV; Nev. Const. art. 1, § 18. Probable cause to arrest exists when the facts known to police permit a reasonable person to believe that the person to be arrested has committed a crime. *State v. McKellips*, 118 Nev. 465, 472, 49 P.3d 655, 660 (2002); *see* NRS 171.106. The reviewing court determines simply "whether there is a substantial basis for concluding that probable cause existed." *Doyle v. State*, 116 Nev. 148, 158, 995 P.2d 465, 472 (2000). Additionally, we review the district court's factual findings

regarding suppression for clear error and its legal determinations de novo. *State v. Beckman*, 129 Nev., Adv. Op. 51, 305 P.3d 912, 916 (2013).

Here, law enforcement officers sought an arrest warrant for Perez for the charges of kidnapping, battery with intent to commit sexual assault, sexual assault, and coercion. The declaration of warrant sworn by the investigating officer referenced (1) the victim's allegations that she had been a victim of acts constituting kidnapping, battery with intent to commit sexual assault, sexual assault, and coercion; (2) the corroborative account of a witness who was in the restroom during the incident; (3) the findings by the sexual assault nurse examiner that the victim had injuries consistent with sexual assault; (4) the surveillance video consulted by the officer, in which the suspect can be seen leaving the restroom; (5) the anonymous tip in response to a television news segment showing the suspect's image that alleged that Perez was the suspect and that he had committed similar acts previously; and (6) the fact that Perez's Facebook profile contained photos of Perez that matched the suspect in the surveillance video and depicted Perez wearing a coat that appeared to be the same as that worn by the suspect in the surveillance video. Perez's contention that the warrant was based solely on the uncorroborated allegation of the anonymous tip is belied by the record. The district court found that the totality of the circumstances supported the magistrate's determination that the arrest warrant was based on probable cause. As we conclude that there was a substantial basis for the probable-cause finding, we determine that the district court did not clearly err in its finding and that suppression was not warranted on this basis.

Second, Perez argues that the district court abused its discretion in denying his motion to suppress his police statements and

testimony from the arresting officer based on issues with the Spanish-language interpreter. Perez argues that the statement was unreliable because the interpreter told him to stop and slow down at several points during the interview. The district court's decision whether to admit evidence receives great deference and will not be overturned absent manifest error. *Baltazar-Monterrosa v. State*, 122 Nev. 606, 613-14, 137 P.3d 1137, 1142 (2006). In considering the admission of translated testimony, we review "whether the translation was adequate and accurate on the whole," and the defendant must show that the translation was inadequate. *Id.* at 614, 137 P.3d at 1142. The district court concluded that Perez's challenge to the interpreter's methodology went to the statement's credibility, but did not render it inadmissible. As Perez concedes that the translation was accurate and does not identify any assertion that he was precluded from making due to the interpreter's methodology, we conclude that Perez has not borne his burden of showing that the translation was inadequate and thus that its admission was manifest error.

Third, Perez argues that the district court abused its discretion in denying his *Batson v. Kentucky*, 476 U.S. 79 (1986), challenge regarding an African-American potential juror whom the State removed by peremptory challenge. A party may not "'challenge potential jurors solely on account of their race.'" *Watson v. State*, 130 Nev., Adv. Op. 76, 335 P.3d 157, 165 (2014) (quoting *Batson*, 476 U.S. at 89). A *Batson* inquiry has three steps: the movant must make a prima facie showing of discrimination, then the challenging party must provide a race-neutral reason for the challenge, and then the district court will determine whether discrimination has been shown. *Id.* We give great discretion to

the district court's findings and will not reverse unless its decision was clearly erroneous. *Id.* The district court rejected Perez's challenge after determining that he failed to make a prima facie showing of discrimination and the State proffered the race-neutral reason that the potential juror had several bad experiences with the police. Perez offers only the potential juror's race as evidence that the State's peremptory challenge was discriminatory. Noting that the empaneled jury included three African-American jurors and that the State's questioning during voir dire was not suspect, *see id.* at 166-67 (discussing circumstances to consider in the absence of a pattern of strikes against a targeted group), we conclude that the district court did not clearly err.

Fourth, Perez argues that the district court abused its discretion in denying his proposed jury instructions. We review the district court's broad discretion in settling jury instructions for an abuse of discretion or judicial error. *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). A defendant is not entitled to instructions that are "misleading, inaccurate[,] or duplicitous." *Carter v. State*, 121 Nev. 759, 765, 121 P.3d 592, 596 (2005). The district court found that the first proposed jury instruction was duplicitous in light of instruction 24, the second was duplicitous in light of instructions 8 through 12, the third was duplicitous because the jury instructions already addressed the consent defense to sexual assault, and the fourth was unwarranted because the jury had already been instructed on reasonable doubt. *See Bails v. State*, 92 Nev. 95, 97, 545 P.2d 1155, 1156 (1976). Our review of the record reveals no abuse of discretion or error in this determination, and we conclude that this claim lacks merit.

Fifth, Perez argues that the district court erred in refusing to dismiss the coercion count when that offense captured the same conduct as the first-degree-kidnapping count. Double jeopardy precludes multiple punishments for the same offense. *Jackson v. State*, 128 Nev. 598, 604, 291 P.3d 1274, 1277-78 (2012). We apply the test outlined in *Blockburger v. United States*, 284 U.S. 299 (1932), to determine "whether each offense contains an element not contained in the other; if not, they are the same offence and double jeopardy bars additional punishment and successive prosecution." *Id.* at 604, 291 P.3d at 1278 (quoting *United States v. Dixon*, 509 U.S. 688, 696 (1993)). We review de novo issues of double jeopardy. *Id.* at 603, 291 P.3d at 1277. The offense of coercion deems unlawful a person's use or threat of force or deprivation with the intent to compel another to do or not do an act that the other has a right to do or not do. NRS 207.190(1). The offense of first-degree kidnapping penalizes one who confines or carries away another person for the purpose of committing sexual assault. NRS 200.310(1). Kidnapping includes elements of confinement or asportation and the intent to commit sexual assault that are not required to establish coercion. And coercion includes elements of force or deprivation and the intent to compel another to act or not act that are not required to establish kidnapping. As each offense contains an element not contained in the other, we conclude that double jeopardy does not bar Perez's convictions for coercion and first-degree kidnapping.

Sixth, Perez argues that the evidence presented at trial was insufficient to support the jury's finding of guilt. Our review of the record on appeal, however, reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v.*

*Virginia*, 443 U.S. 307, 319 (1979); *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998).

The record shows that Perez grabbed the victim's wrist, pulled her from the women's restroom to the men's restroom, moved the victim into a stall in the men's restroom, pulled the victim's hair, shoved and turned the victim around inside the stall, and caused a pain inside the victim's vagina. The victim protested and told Perez to stop, that she did not want this, and that she wanted to go home, to which Perez told her to shut up. A medical examination revealed contusions inside the victim's vagina and elsewhere on her body.

The jury could reasonably infer from the evidence presented that Perez committed first-degree kidnapping by forcibly moving the victim against her will to a second location for the purpose of committing sexual assault, *see* NRS 200.310(1), battery with intent to commit sexual assault by willfully using force on the victim while intending to commit sexual assault, *see* NRS 200.400, sexual assault by penetrating the victim's vagina against her will, *see* NRS 200.366(1)(a), and coercion by using force with the intent to compel the victim to enter and remain in the restroom stall, *see* NRS 207.190(1). It is for the jury to determine the weight and credibility to give witness testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). Accordingly, we conclude that this claim lacks merit.

Seventh, Perez argues that cumulative error warrants reversal. Having found no error, we conclude that there is no error to cumulate.

Having considered Perez's arguments and concluded that they are without merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:    Hon. David B. Barker, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk