# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| COREY JAMES MOEN,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 71831<br><br>**FILED**<br><br>SEP 28 2017<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY S.Young<br>DEPUTY CLERK |

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of possession of a schedule I or II controlled substance for the purpose of sale and conspiracy to violate the Uniform Controlled Substances Act. Fourth Judicial District Court, Elko County; Nancy L. Porter, Judge.

Officer Dennis Fobes of the Carlin Police Department applied for a warrant to search appellant Corey Moen's residence for marijuana. The affidavit in support of the search warrant provided, in part, that on December 22, 2014, Fobes had previously assisted in a traffic stop of Moen and that a strong marijuana odor emanated from Moen's vehicle. Fobes knew that Moen possessed a registry identification card for medical marijuana. Moen then presented a physician's letter and, according to Officer Fobes, stated that he was allowed to "have up to 49 marijuana plants" and "10 pound[s] of marijuana." Moen further stated that he had a "shed full of marijuana plants" while pointing to a garage located on his property, but then corrected himself by stating, "[w]ell, not *full.*"

Fobes' application was granted and the warrant was executed on Moen's residence where police discovered marijuana and methamphetamine on the property. As a result, Moen was charged with four felonies. Moen initially pleaded not guilty and filed a motion to

17-33072

suppress the seized evidence. The district court denied the motion, and Moen pleaded guilty to two of the four felonies while reserving his right to appeal the denial of his motion.

On appeal, Moen argues that the district court erred in denying his motion to suppress because the search warrant was not supported by probable cause. In particular, Moen argues that NRS 453A.200 and NRS 453A.310 should have precluded a finding of probable cause for the illegal possession of marijuana exceeding that of the statutorily prescribed limits. We reject this argument and affirm Moen's judgment of conviction.

We review the district court's factual findings regarding suppression issues for clear error and the legal consequences of those findings de novo. *See Lamb v. State*, 127 Nev. 26, 31, 251 P.3d 700, 703 (2011). "The Nevada Constitution and the United States Constitution require a search warrant to be issued only upon a showing of probable cause." *State v. Allen*, 119 Nev. 166, 170, 69 P.3d 232, 234 (2003). However, "[t]he duty of a reviewing court is simply to determine whether there is a substantial basis for concluding that probable cause existed." *Doyle v. State*, 116 Nev. 148, 158, 995 P.2d 465, 472 (2000). Moreover, "the issuing judge's determination of probable cause should be given great deference by a reviewing court." *Id.* at 158, 995 P.2d at 471. Finally, "courts should not invalidate warrants by interpreting affidavits in a hypertechnical, rather than a commonsense, manner." *Id.* at 158, 995 P.2d at 471-72 (internal quotation marks omitted).

NRS 453A.200(1) exempts holders of a valid registry identification card from prosecution for the possession, delivery, or production of medicinal marijuana. However, NRS 453A.200(3)(b)(1) & (2) limits the quantity that a user may lawfully possess, which is "[t]wo and

one-half ounces of usable marijuana in any one 14-day period" and "[t]welve marijuana plants." Nonetheless, a person possessing marijuana in excess of the statutorily prescribed limits may establish an affirmative defense pursuant to NRS 453A.310(1)(a)(3) "if the person proves by a preponderance of the evidence that the greater amount is medically necessary as determined by the person's attending provider of health care to mitigate the symptoms or effects of the person's chronic or debilitating medical condition."

We conclude that the circumstances surrounding Moen's traffic stop were sufficient to establish probable cause to support the granting and execution of the search warrant despite the production of a physician's letter; therefore, we need not reach Moen's argument that a potential statutory affirmative defense pursuant to NRS 453A.310 precludes a finding of probable cause. During the traffic stop, Moen voluntary disclosed to Fobes that a physician's letter enabled him to possess up to 10 pounds of marijuana or 49 marijuana plants, and that he had a *shed full of marijuana plants* while pointing to his garage, which he then attempted to retract. As such, Fobes' affidavit provided a substantial basis for demonstrating probable cause that Moen illegally possessed marijuana on his property, and we conclude that the district court did not err in denying Moen's motion to suppress.[1]

_____

[1]Because we conclude that the search warrant was supported by probable cause and that the district court did not err in denying Moen's motion to suppress, we need not reach Moen's other arguments.

Accordingly, we

ORDER the judgment of conviction AFFIRMED

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:     Hon. Nancy L. Porter, District Judge
        Gary D. Woodbury
        Attorney General/Carson City
        Elko County District Attorney
        Elko County Clerk