# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER JEROME DEVOSE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 81062

FILED

SEP 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michael Villani, Judge. Appellant Christopher Jerome Devose argues that the district court erred in denying his claims of ineffective assistance of trial and appellate counsel without an evidentiary hearing. We affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1113 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). The petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004), and both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697. For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Id.* at 690. We defer to the district court's factual findings that are supported by

Z 1-26869

substantial evidence and not clearly wrong, but we review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). The petitioner is entitled to an evidentiary hearing when the claims asserted are supported by specific factual allegations that are not belied or repelled by the record and that, if true, would entitle the petitioner to relief. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008).

Devose first argues that trial counsel should have made a timely *Batson v. Kentucky*, 476 U.S. 79 (1986), challenge. Counsel challenged two of the State's peremptory removals after the jury had been sworn. While the trial court noted that this challenge should have been made earlier, it nevertheless held a hearing and pressed the State to provide race-neutral explanations for striking prospective jurors 30 and 34.[1] Noting that considering demeanor in court is critical, the trial court found that the State provided a race-neutral explanation as to prospective juror 30 on the basis of his attitude during voir dire and the State's noted concern with a potential juror who had personally attacked someone who the potential juror thought was acting appropriately, in light of the facts of the case. The trial court found that the State provided a race-neutral explanation as to prospective juror 34 in that the prospective juror was unwilling to infer intent from a hypothetical presented as a clear example of an instance where intent could be inferred from circumstantial evidence. The trial court did not rely on prospective juror 34's attire, as Devose suggests. In considering the instant petition, the district court further considered the prospective jurors' backgrounds and other answers and concluded that the

---

[1]We commend the trial court on its efforts to develop a thorough record in this instance and elsewhere throughout these proceedings.

(O) 1947A

strikes were not motivated by race. Devose has not alleged sufficient facts to demonstrate that these findings are clearly wrong or not supported by substantial evidence. Devose thus has not shown that a timely *Batson* challenge had merit. *See Williams v. State*, 134 Nev. 687, 691-92, 429 P.3d 301, 307 (2018) (discussing the second and third steps of the *Batson* analysis). Accordingly, he has not shown deficient performance in its omission or prejudice in its absence. The district court therefore did not err in denying this claim without an evidentiary hearing.

Devose next argues that trial counsel should have called Bobby Banks to testify. During a mid-trial hearing in response to Devose's frustrations, counsel explained that he and his investigator investigated Banks and that he concluded that Banks' testimony would not be helpful. Decisions such as what witnesses to call or objections to raise are tactical decisions that lie with counsel. *Rhyne v. State*, 118 Nev. 1, 8, 38 P.3d 163, 167 (2002). "[C]ounsel's strategic or tactical decisions will be virtually unchallengeable absent extraordinary circumstances." *Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004) (internal quotation marks omitted). Substantial evidence supports the district court's finding that counsel made a strategic decision not to call Banks, and Devose has not shown extraordinary circumstances warranting a challenge to it. Further, Devose has not alleged sufficient prejudice, as the record belies Devose's suggestion that Banks' testimony would be useful: Banks denied to counsel that he had any phone conversations with Devose during the relevant times, contrary to Devose's representations. The district court therefore did not err in denying this claim without an evidentiary hearing.

Devose next argues that trial counsel should have presented a self-defense expert. Devose has not identified any such expert. Counsel introduced evidence and presented argument regarding each of the facts

that Devose suggests this expert would develop. Accordingly, it is not clear what such an expert would add. Devose thus has not shown deficient performance or prejudice in this regard. The district court therefore did not err in denying this claim without an evidentiary hearing.

Devose next argues that trial counsel should have retained a toxicologist to testify about the effects of methamphetamine. The medical examiner testified that a low level of methamphetamine was found in the victim's blood. Devose has not identified a toxicologist who would testify or explain how the specific level in the victim's blood would have affected the outcome. Devose thus has failed to allege specific facts showing an entitlement to relief and has shown neither deficient performance nor prejudice. The district court therefore did not err in denying this claim without an evidentiary hearing.

Devose next argues that trial and appellate counsel should have objected to evidence of his custodial status through photographs of him in jail attire and a detective's comment that he met Devose at the jail in the course of the investigation. Trial counsel objected that the photographs depicted Devose in jail, and the district court considered the detective's comment contemporaneously. Further, appellate counsel raised this issue, though Devose argues that different grounds should have been proffered. The record belies Devose's contention that this evidence disclosed his custodial status; rather, it arguably showed that he had been in custody in the past. Insofar as Devose presents authority stating that a defendant may not be made to attend court in prison garb or in restraints and that the jury may not be told that a defendant is currently in jail, those decisions are distinguishable and do not indicate meritorious challenges. Moreover, insofar as this evidence depicted instances where he was in custody in the course of the investigation, it did not give rise to an inference that Devose

(O) 1947A

had a prior criminal history. *See Emmons v. State*, 107 Nev. 53, 59, 807 P.2d 718, 722 (1991) (noting that reference to a defendant's criminal history is error and distinguishing that from a comment referring to the investigation for the charged crime), *overruled on other grounds by Harte v. State*, 116 Nev. 1054, 1072, 13 P.3d 420, 432 (2000). Devose has not shown that trial or appellate counsel performed deficiently in their challenges or that he was accordingly prejudiced. The district court therefore did not err in denying this claim without an evidentiary hearing.

Devose next argues that trial counsel should not have conceded his guilt during closing argument. The record shows that counsel did not concede guilty. In the relevant portion, counsel described certain testimony and disputed the State's interpretation that it showed that Devose had the requisite intent for murder. Counsel did not concede Devose's guilt to any extent. Devose has shown neither deficient performance nor prejudice in this regard. The district court therefore did not err in denying this claim without an evidentiary hearing.

Devose next argues that trial counsel should have objected to prosecutorial misconduct during closing argument. He argues that the State improperly vouched for a witness's credibility and inserted personal opinion by using the phrase "we know" in describing the evidence. This court concluded on direct appeal that the State permissibly made reasonable inferences from the evidence and summarized the evidence in rejecting claims on these grounds. *Devose v. State*, Docket No. 68814 (Order of Affirmance, February 23, 2018). Thus, Devose has not shown that an objection on either of these grounds had merit and has not shown deficient performance or prejudice in this regard. The district court therefore did not err in denying this claim without an evidentiary hearing.

(O) 1947A

Devose next argues that trial counsel should have objected to the State's argument that he killed the victim because he was going to get the last laugh and would not be disrespected. This court concluded on direct appeal that this claim did not amount to plain error, as the prosecutor may argue inferences from the evidence. *Devose*, Docket No. 68814. Accordingly, Devose has not shown that a contemporaneous challenge had merit and that counsel performed deficiently in omitting it. Even if the State's argument had exceeded what reasonable inferences could be drawn from the evidence, Devose does not argue and has not shown prejudice. As we determined on direct appeal, this did not affect his substantial rights. The last-laugh argument added mere gloss to the State's permissible argument that Devose was angry after fighting with the victim, left for five minutes, returned with a knife, told the victim that he was going to kill him, and fatally stabbed him after they wrestled briefly. The district court therefore did not err in denying this claim without an evidentiary hearing.

Devose next argues that trial counsel should have objected to the State's disparaging the defense theory of the case by referring to it as a "story." This court concluded on direct appeal that the State's comment did not amount to plain error. *Devose*, Docket No. 68814. Devose has not shown that a contemporaneous objection on this ground had merit. Here, both the State and defense referred to the different accounts as "stories," and the record is plain that neither usage was disparaging or otherwise improper. Thus, Devose has not shown deficient performance or prejudice in this regard. The district court therefore did not err in denying this claim without an evidentiary hearing.

Devose next argues that trial counsel failed to properly communicate with him before trial. The record belies this claim, as it is replete with instances of counsel explaining his extensive efforts to

SUPREME COURT
OF
NEVADA

(O) 1947A

communicate with Devose and plan trial strategy and Devose's unwillingness to assist in these endeavors. Devose has shown neither deficient performance nor prejudice in this regard. The district court therefore did not err in denying this claim without an evidentiary hearing.

Devose next argues that trial and appellate counsel should have challenged the admission of autopsy photographs, contending that they were more unfairly prejudicial than probative. As the photographs "were relevant to the cause of death and manner of injury" and the medical examiner relied on them in explaining both, Devose's contention that the photographs were unnecessarily gruesome is inadequate to show that a trial objection would have succeeded. See NRS 48.025(1); Doyle v. State, 116 Nev. 148, 160, 995 P.2d 465, 472-73 (2000) (rejecting an ineffectiveness challenge to not objecting to admitting autopsy photographs). He further has not shown that the district court's admission of the photographs would have been determined to be an abuse of discretion. See Mclellan v. State, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008) (stating standard of review for district court's evidentiary rulings). Devose thus has not shown deficient performance by trial or appellate counsel or prejudice in this regard. The district court therefore did not err in denying this claim without an evidentiary hearing.

Devose next argues that trial counsel should have objected to the jury instructions on self-defense. He argues that they were improper because they instructed that a battery with a deadly weapon may be done in self-defense but not a killing. This court determined on direct appeal that the instructions did not amount to plain error. Devose, Docket No. 68814. Devose has not shown that a challenge at trial had merit and thus has not shown deficient performance. The instructions were not incorrect statements of the law, directed the jurors that "killing" may be justified, and

were consistent with the theory of the case. Further, counsel was able to rely on these instructions in arguing the defense theory of the case in closing. In stating that a killing may be justified, the instructions belie Devose's allegations. Moreover, he has not shown prejudice because the instructions given provided that a juror could acquit Devose if the self-defense argument had been found persuasive. The district court therefore did not err in denying this claim without an evidentiary hearing.

Devose next argues that trial counsel should have challenged the jury instruction stating that one may use force in self-defense to avoid harm "to himself or others," as there was no evidence of risk of harm to others. This court determined on direct appeal that this instruction did not amount to plain error. *Devose*, Docket No. 68814. Devose has shown neither deficient performance nor prejudice in this regard. The jurors were instructed to use their common sense in applying the instructions, and a common-sense reading of the disjunctive readily reaches the intended meaning. *See Meyer v. State*, 119 Nev. 554, 568, 80 P.3d 447, 458 (2003) ("[J]urors may rely on their common sense and experience."). Devose misplaces his reliance on *Gonzales v. State*, as its defense-of-others instruction was erroneous because no evidence of self-defense had been presented, unlike here. 131 Nev. 991, 999, 366 P.3d 680, 685 (2015). The district court therefore did not err in denying this claim without an evidentiary hearing.

Devose next argues that trial and appellate counsel should have challenged the jury instructions on reasonable doubt, express and implied malice, and equal and exact justice. As this court has upheld the language used in those instructions, *see, e.g.*, *Evans v. State*, 112 Nev. 1172, 1190-91 & n.19, 926 P.2d 265, 277-78 & n.19 (1996) (reasonable doubt instruction); *Leonard v. State*, 117 Nev. 53, 78-79, 17 P.3d 397, 413 (2001) (express- and-

SUPREME COURT
OF
NEVADA

(O) 1947A

implied-malice instruction); *Leonard v. State*, 114 Nev. 1196, 1209, 969 P.2d 288, 296 (1998) (equal-and-exact-justice instruction), we conclude that Devose has not shown deficient performance or prejudice. The district court therefore did not err in denying this claim without an evidentiary hearing.

Lastly, Devose argues cumulative error. Even assuming that multiple deficiencies in counsel's performance may be cumulated to demonstrate prejudice in a postconviction context, *see McConnell v. State*, 125 Nev. 243, 259, 212 P.3d 307, 318 (2009), Devose has not demonstrated multiple instances of deficient performance.

Having considered Devose's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Hardesty

_____, J.
Stiglich

_____, Sr.J.
Gibbons

cc:    Hon. Michael Villani, District Judge
Law Office of Christopher R. Oram
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

SUPREME COURT
OF
NEVADA

(O) 1947A