134 Nev., Advance Opinion 23

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| THE STATE OF NEVADA,<br>Appellant,<br>vs.<br>GREGORY FRANK ALLEN SAMPLE,<br>A/K/A GREGORY F.A. SAMPLE,<br>Respondent. | No. 71208<br>**FILED**<br><br>APR 05 2018<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY<br>CHIEF DEPUTY CLERK |

Appeal from a district court order granting respondent's motion to suppress. Second Judicial District Court, Washoe County; Lynne K. Simons, Judge.

*Affirmed in part, reversed in part, and remanded.*

Adam Paul Laxalt, Attorney General, Carson City; Christopher J. Hicks, District Attorney, and Jennifer P. Noble and Stephan J. Hollandsworth, Deputy District Attorneys, Washoe County,
for Appellant.

Larry K. Dunn & Associates and Karena K. Dunn and Larry K. Dunn, Reno,
for Respondent.

---

BEFORE HARDESTY, PARRAGUIRRE and STIGLICH, JJ.

*OPINION*

By the Court, HARDESTY, J.:

Respondent Gregory Frank Allen Sample was arrested for driving under the influence of alcohol after failing a preliminary breath test (PBT). The results of the PBT were subsequently used to obtain a search warrant for an evidentiary blood draw. The district court suppressed the

18-12943

PBT results, concluding that they were obtained in violation of Sample's Fourth Amendment rights, and also suppressed the evidentiary blood draw as the fruit of an illegal search. The State argues on appeal that the district court erred because Sample was under arrest at the time the PBT was administered, the PBT was a legal search incident to the arrest, and the blood evidence was legally obtained pursuant to the search warrant. Although the State fails to demonstrate that the suppression of the PBT evidence was erroneous, we hold that the district court erred in invalidating the telephonic search warrant and suppressing the blood draw evidence because there was probable cause to support the search warrant even without the PBT evidence.

## FACTS AND PROCEDURAL HISTORY

While on patrol one night, Deputy Swanson noticed a northbound vehicle cross over fog lines and double yellow lines, accelerate rapidly, cross into a southbound turn lane, and veer back into the northbound travel lane. Deputy Swanson first activated his overhead lights, and then activated his siren in an attempt to initiate a traffic stop. The vehicle did not stop and continued driving to Sample's residence where it pulled into the driveway.

Deputy Swanson also pulled into the driveway and approached the vehicle where he observed the driver, later identified as Sample, with red, watery eyes and the smell of alcohol coming from inside the vehicle. Sample drank a clear liquid from a plastic bottle despite Deputy Swanson's repeated demands to stop. Based on these observations, Deputy Swanson asked Sample how much he had to drink, and Sample admitted to drinking "[a] couple of beers." Deputy Swanson further observed that Sample's "speech was slow and slurred," and that Sample repeatedly refused to

comply with commands to stop drinking out of the plastic bottle or to roll his window down further.

Deputy Swanson's partner arrived on the scene, and the deputies asked Sample to exit the vehicle. Sample refused, and the officers had to reach through the window and open the vehicle's door before Sample exited, "unsteady on his feet." Sample was directed to remain at the front of the patrol vehicle but, instead, he attempted to walk toward the front door of his residence while the deputies gathered field sobriety test paperwork from their patrol vehicle. The deputies then put Sample in a wristlock and escorted him to the front of the patrol car where they placed him in handcuffs. Deputy Swanson felt that Sample "was absolutely under the influence of an alcoholic substance," and he decided not to conduct the field sobriety test because of Sample's uncooperative behavior including his attempt to walk toward the entrance of the residence. Sample was then placed in the back of the patrol car.

While Sample was handcuffed in the back of the patrol car, a third officer arrived on the scene and Deputy Swanson utilized that officer's equipment to administer the PBT on Sample. Sample failed the PBT, blowing a 0.172 blood-alcohol concentration. Deputy Swanson placed Sample under arrest for driving under the influence.

Because Sample would not give consent for blood testing, Deputy Swanson obtained a telephonic search warrant for three descending blood draws for evidentiary testing and analysis. As probable cause for the warrant, Deputy Swanson told the magistrate judge his observations of Sample's intoxicated state and the fact that Sample had a prior DUI conviction. Deputy Swanson also told the judge the results of the PBT and

that Sample had consented to the PBT. The judge granted the warrant and three blood samples were taken and analyzed.

Sample waived a preliminary hearing and the State filed an information charging him with driving under the influence pursuant to NRS 484C.110, which is punishable as a felony under NRS 484C.410 due to Sample's previous felony DUI conviction in 2009. Sample moved to suppress the PBT on the grounds that it was a nonconsensual search in violation of the Fourth Amendment and that without the improperly obtained PBT results, there was no probable cause to support his arrest. At the suppression hearing, Deputy Swanson testified that "I used the PBT only to confirm my observations. I don't use it as a probable cause arrest." Although he had testified at an earlier administrative hearing that he obtained Sample's consent to administer the PBT, Deputy Swanson conceded at the suppression hearing that he did not obtain Sample's consent and merely directed him to blow.

The district court granted Sample's motion to suppress. Because Deputy Swanson had testified inconsistently regarding whether Sample had consented to the PBT, the district court found that no consent was given and therefore the PBT was a warrantless search in violation of the holding in *Birchfield v. North Dakota*, 579 U.S. ___, 136 S. Ct. 2160 (2016). The district court further found that without the PBT results, no probable cause existed for Sample's arrest and that the good faith exception to the warrant requirement did not apply to Deputy Swanson's execution of the telephonic search warrant. The effect of the suppression order was not

only to suppress the PBT,[1] but also to invalidate the telephonic search warrant and suppress the evidentiary blood draw evidence. The State appeals.

## DISCUSSION

In reviewing a district court's resolution of a motion to suppress, we review its factual findings for clear error and its legal conclusions de novo. *State v. Beckman*, 129 Nev. 481, 486, 305 P.3d 912, 916 (2013).

*The district court did not err in finding that the PBT results were obtained in violation of Sample's Fourth Amendment rights*

The district court found that a warrant was required for the administration of the PBT and that the PBT was unlawfully administered without Sample's consent. The State concedes that Sample did not consent to the PBT, but argues that a warrant was not required because the placement of Sample in handcuffs in the patrol vehicle constituted an arrest at the time the PBT was administered; thus, the PBT was a valid search incident to arrest. *See Birchfield*, 579 U.S. at ___, 136 S. Ct. at 2184 (holding that the Fourth Amendment permits a warrantless breath test administered as a search incident to an arrest for drunk driving). However, the State makes this argument for the first time on appeal and it was not considered by the district court. Accordingly, we decline to consider it. *See McKenna v. State*, 114 Nev. 1044, 1054, 968 P.2d 739, 746 (1998) ("Where a defendant fails to present an argument below and the district court has not considered its merit, we will not consider it on appeal."). Because the PBT

---

[1]Pursuant to NRS 484C.150(3), PBT results are not admissible "in any criminal action, except to show there were reasonable grounds to make an arrest."

was not administered pursuant to a warrant or an exception to the warrant requirement, we conclude that the district court properly suppressed the PBT evidence as an unconstitutional search. *See Byars v. State*, 130 Nev. 848, 854, 336 P.3d 939, 943 (2014) (stating that "[a] warrantless search is reasonable only where it falls within a recognized exception" to the warrant requirement).

*The district court erroneously invalidated the telephonic search warrant used to obtain the evidentiary blood draw*

The district court invalidated the search warrant and suppressed the subsequent blood draw evidence "as fruit of the poisonous tree" stemming from Deputy Swanson's violation of Sample's rights when he administered the PBT without Sample's consent. The State argues that this was error. We agree and hold that this suppression was error because even though the telephonic search warrant contained a false statement by Deputy Swanson regarding the improperly obtained PBT, it was, nevertheless, supported by other facts showing probable cause.

"This court will not overturn a magistrate's finding of probable cause for a search warrant unless the evidence in its entirety provides no substantial basis for the magistrate's finding." *Garrettson v. State*, 114 Nev. 1064, 1068-69, 967 P.2d 428, 431 (1998). "A defendant is not entitled to suppression of the fruits of a search warrant, even based on intentional falsehoods or omissions, unless probable cause is lacking once the false information is purged and any omitted information is considered." *Doyle v. State*, 116 Nev. 148, 159, 995 P.2d 465, 472 (2000). Probable cause requires "trustworthy facts and circumstances which would cause a person of reasonable caution to believe that it is more likely than not that the specific items to be searched for are: seizable and will be found in the place to be searched." *Keesee v. State*, 110 Nev. 997, 1002, 879 P.2d 63, 66 (1994).

Further, "[w]hether probable cause is present to support a search warrant is determined by a totality of the circumstances," and "the issuing judge's determination of probable cause should be given great deference by a reviewing court." *Doyle*, 116 Nev. at 158, 995 P.2d at 471.

When Deputy Swanson called the magistrate judge to obtain the telephonic search warrant, he told the judge that Sample had been driving erratically and speeding, would not obey orders, had glassy, red, and watery eyes, had slow and slurred speech, had an odor of alcohol, was unsteady on his feet, attempted to enter his home while the deputies prepared the field sobriety test paperwork, and had at least one prior felony DUI conviction. Deputy Swanson's observations of Sample's intoxicated state were included in the district court's findings of fact. This court has found probable cause under similar circumstances. *See Dixon v. State*, 103 Nev. 272, 273-74, 737 P.2d 1162, 1163-64 (1987) (holding that probable cause for arrest existed where defendant was driving erratically, smelled of alcohol, had slurred speech, had an inability to stand straight, had bloodshot, watery eyes, and failed a field sobriety test).

Deputy Swanson also told the magistrate judge that Sample consented to a PBT and registered a 0.172 blood-alcohol concentration. Conducting our own analysis of the facts as found by the district court, and ignoring the PBT evidence, we conclude that Deputy Swanson's remaining observations still support the magistrate judge's finding of probable cause. Those remaining facts "cause a person of reasonable caution to believe that it is more likely than not that" an evidentiary draw of Sample's blood would contain evidence of his driving while under the influence of alcohol. *Keesee*, 110 Nev. at 1002, 879 P.2d at 66.

## CONCLUSION

We conclude that the district court properly suppressed the PBT evidence, but erred in invalidating the telephonic search warrant and suppressing the evidentiary blood draw. Without considering the PBT, the search warrant was still supported by probable cause, and the evidentiary blood draw was a valid search and seizure pursuant to that warrant. Accordingly, we affirm in part the district court's order granting Sample's motion to suppress as to the PBT evidence but reverse and remand as to the suppression of the search warrant and evidentiary blood draw.

_____, J.
Hardesty

We concur:

_____, J.
Parraguirre

_____, J.
Stiglich

