# IN THE SUPREME COURT OF THE STATE OF NEVADA

FRANK LAPENA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 73826

FILED

OCT 11 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Frank LaPena's motion for a new trial. Eighth Judicial District Court, Clark County; Abbi Silver, Judge; Mark B. Bailus, Judge. LaPena argues that newly analyzed DNA evidence warrants a new trial. We disagree and affirm.[1]

LaPena was convicted of first-degree murder and robbery with the use of a deadly weapon for hiring Gerald Weakland to kill Hilda Krause in 1974. *State v. LaPena*, 114 Nev. 1159, 1160-62, 968 P.2d 750, 751-52 (1998). We do not recount the extensive factual and procedural background of this case except as warranted for this order. Weakland maintained that he alone killed Hilda by slitting her throat and that he had not strangled her. *Id.* at 1174, 968 P.2d at 759. The medical examiner testified as to evidence of strangulation by ligature and concluded that the attempted strangulation preceded the perpetrator's cutting Hilda's throat. Trial counsel cross-examined Weakland extensively on the discrepancy between his account and the medical examiner's conclusion. *Id.* at 1167, 968 P.2d at

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

755. LaPena argued that Weakland lied that LaPena had hired him and that Weakland had actually been hired by Hilda's husband, Marvin, who testified that his assailants bound and beat him in a different room. In 2011 LaPena filed a postconviction petition for genetic marker analysis, and the district court granted that petition and ordered DNA testing of the evidence recovered from the crime scene. Saliently, DNA recovered from a green cord found in the room where Marvin was bound and beaten matched the male profile also present in a bloodstain on a sheet in that room, and the FBI analyst who conducted the test considered it likely that Marvin was the source of the "unknown male profile." DNA evidence on an electrical cord found next to Hilda's body matched her DNA profile mixed with at least one other profile, of which Weakland and the unknown male were excluded as possible contributors. Weakland's profile matched a hair found in a carpet taken from the room where Hilda was killed, and Hilda's profile matched the hair found in her hands.[2] After receiving these results, LaPena filed a motion for a new trial. See NRS 176.515(3); NRS 176.09187(1)(a). The district court denied the motion, and this appeal followed.

LaPena first argues that the DNA evidence constituted sufficiently significant impeachment evidence to merit a new trial. To

---

[2]Our review is constrained by LaPena's failure to provide the trial transcript on appeal. In rendering our decision, we have considered our decisions in prior actions involving LaPena, the appendix provided, and the various excerpts attached to the district court's order. See NRAP 30(b)(1); Thomas v. State, 120 Nev. 37, 43, 83 P.3d 818, 822 (2004) (noting that it was improper for counsel to fail to "adequately cite to the record in his briefs or provide this court with an adequate record," and nevertheless resolving the appeal on its merits where the State provided the necessary parts of the record in its appendix); Greene v. State, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant.").

warrant a new trial, new impeachment evidence must not be cumulative and must render a different result reasonably probable. *Sanborn v. State*, 107 Nev. 399, 406, 812 P.2d 1279, 1284-85 (1991). As LaPena fails to include Weakland's testimony in the appellate record, he fails to show that the district court abused its discretion in concluding that relief was not merited on this basis. *See Sanborn*, 107 Nev. at 406, 812 P.2d at 1284. Further, even considering the limited record provided on appeal, we conclude that LaPena failed to demonstrate a meritorious claim. The new DNA evidence suggesting that Hilda was strangled with the electrical cord before her throat was slit was cumulative of the medical examiner's testimony. As Weakland was already impeached on this inconsistency with his account, as well as on numerous other grounds, the new evidence does not suggest that a different result was reasonably probable. Further, a different result is not reasonably probable as the electrical-cord evidence undermines LaPena's theory that Marvin was the second killer in the room and merely supports that an unknown third party handled the electrical cord at some point, not necessarily during the killing. While the district court found that Hilda's hairs found in her hands shows that she struggled while being strangled and that this impeaches Weakland's purported testimony that she did not resist, this evidence is far too meager to show a reasonable probability of a different result where a struggle could be presumed from the evidence of the attempted strangulation and this impeachment is not materially distinct from that as to impeaching Weakland's omission of the strangulation. LaPena has failed to show that the district court abused its discretion on this ground, and this claim therefore fails.

SUPREME COURT
OF
NEVADA

(O) 1947A

LaPena next argues that the district court improperly shifted the burden to him to prove his theory of the case rather than weighing the new evidence against the prosecution's theory. LaPena misconstrues the standard for directing a new trial and the district court's order. The district court properly considered whether the evidence rendered a different result reasonably probable. In doing so, it considered whether the new evidence undermined the dispositive evidence that LaPena hired Weakland to kill Hilda, which incorporated assessing whether the new evidence materially strengthened the defense theory. *Cf. I.N.S. v. Abudu*, 485 U.S. 94, 110 (1988) (observing that "courts have uniformly held that the moving party bears a heavy burden" on a motion for a new trial on newly discovered evidence). LaPena has failed to show that the district court abused its discretion in this regard, and this claim therefore fails.

LaPena next argues that the evidence was contaminated by being touched by unknown individuals. LaPena has not alleged a specific instance of contamination, and thus his claim is merely speculative. *Cf. Jones v. McCaughtry*, 965 F.2d 473, 479 (7th Cir. 1992) (holding that due process was not violated where the destroyed evidence was of only speculative exculpatory value). To the extent that LaPena argues that DNA evidence was improperly not preserved, he failed to raise this claim below, the district court has not considered it, and we decline to consider it in the first instance. *See State v. Sample*, 134 Nev., Adv. Op. 23, 414 P.3d 814, 817 (2018). This claim therefore fails.

Lastly, LaPena argues that the rule of lenity compels interpreting the term "favorable" in NRS 176.09187(1) to his benefit. LaPena misconstrues the applicable statutes. NRS 176.09187(1) provides for genetic marker analysis that, where the results are favorable, permits a

Supreme Court
OF
Nevada

(O) 1947A

4

motion for a new trial that would otherwise be untimely, *see* NRS 176.515(3). After ordering DNA testing of the trial evidence, the district court considered LaPena's motion on the merits, rather than denying it as untimely, such that the DNA results were considered as being favorable. This determination did not resolve the merits of LaPena's motion for a new trial, however. While the district court obscured the issue by its use of "favorable" in reviewing the materiality of the new evidence, the construction of "favorable" from NRS 176.09187(1) is no longer at issue, and the district court properly considered the *Sanborn* standard for determining whether to grant LaPena's motion for a new trial based on newly discovered evidence. LaPena has failed to show that the district court abused its discretion on this ground, and this claim therefore fails.

Having considered LaPena's contentions and concluded that relief is not warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____ J.
Gibbons

_____, J.
Hardesty

cc: Chief Judge, The Eighth District Judicial Court
Eighth Judicial District Court Dept. 29
Hon. Abbi Silver, Judge
Hon. Mark Bailus, Judge
Law Office of Christopher R. Oram
Gary L. Guymon
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

Supreme Court
OF
Nevada

(O) 1947A