# IN THE SUPREME COURT OF THE STATE OF NEVADA

ALEXANDER UCEDA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 81899

FILED

DEC 17 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Cristina D. Silva, Judge.

Appellant Alexander Uceda argues that the district court erred in denying his claims that both trial and appellate counsel were ineffective. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that, but for counsel's errors, there is a reasonable probability of a different outcome in the proceedings. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1113-14 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district

SUPREME COURT
OF
NEVADA

(O) 1947A

21-35985

court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Uceda argues that counsel should have objected to the trial court's failure to administer the jury oath required by NRS 16.030(5), which constitutes structural error pursuant to *Barral v. State*, 131 Nev. 520, 525, 353 P.3d 1197, 1200 (2015). Uceda has not shown prejudice.[1] In fact, at the evidentiary hearing, Uceda conceded that he had not satisfied *Strickland*'s prejudice prong. While structural errors generally warrant automatic reversal when the issue was preserved at trial and raised on direct appeal, a petitioner raising an ineffective-assistance-of-counsel claim based on trial counsel's failure to preserve a structural error must demonstrate prejudice. *Weaver v. Massachusetts*, 137 S. Ct. 1899, 1910 (2017); *see also id.* at 1911 (analyzing whether prejudice was established by showing either a reasonable probability of a different outcome or fundamental unfairness). Therefore, we conclude that the district court did not err in denying this claim.

Second, in a related claim, Uceda argues that counsel should have moved for a new trial based on the jury oath error. Uceda has not shown deficient performance. In *Barral*, this court considered, as "an issue

_____

[1]Uceda also argues that appellate counsel should have raised the jury oath issue on appeal. However, he did not raise this claim in his postconviction petition, and we decline to consider it in the first instance. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 1012-13, 103 P.3d 25, 33 (2004).

of first impression," whether a violation of NRS 16.030(5) warrants relief. 131 Nev. at 523, 353 P.3d at 1198. At the time of Uceda's trial, counsel did not have the benefit of that decision, which announced that a violation of the statute constituted structural error, and we cannot use hindsight in evaluating counsel's performance. *See Doyle v. State*, 116 Nev. 148, 156, 995 P.2d 465, 470 (2000) ("The failure of counsel to anticipate a change in the law does not constitute ineffective assistance."). "This is true even where, as here, the theory upon which the court's later decision is based is available, although the court had not yet decided the issue." *Id.* Therefore, we conclude that the district court did not err in denying this claim.

Third, Uceda argues that counsel should have obtained the victims' written statements. Uceda has not shown deficient performance or prejudice. During the evidentiary hearing, counsel testified that he raised the issue of the allegedly missing statements during trial and law enforcement asserted that no statements existed. Counsel cannot be deficient for not obtaining evidence that the State did not possess. And Uceda did not demonstrate a reasonable probability of a different outcome given the strong evidence of guilt, including law enforcement engaging in a high-speed chase of a vehicle after receiving a report that the occupants had just committed a robbery, the subsequent discovery of Uceda's wallet in the abandoned vehicle, and Uceda himself hiding nearby. Therefore, we conclude that the district court did not err in denying this claim.[2]

---

[2]Uceda also argues that appellate counsel was ineffective for omitting a portion of the trial record regarding the statements. Uceda has not shown prejudice. Having reviewed the omitted portion of the transcript, we

Fourth, Uceda argues that counsel should have moved to suppress his identification contained in his wallet that law enforcement discovered during a vehicle search. Uceda has not shown deficient performance or prejudice. At the evidentiary hearing, counsel testified that a motion to suppress would have been frivolous. We agree. Uceda and his codefendant evaded law enforcement during a high-speed chase before abandoning the vehicle, which was owned by the codefendant's girlfriend, and fleeing on foot. Police officers recovered Uceda's wallet and identification discarded on the floorboard within the vehicle. Uceda lacked standing to challenge the search of either his wallet or the vehicle. *See State v. Lisenbee*, 116 Nev. 1124, 1130, 13 P.3d 947, 951 (2000) (concluding "that any evidence found as a result of [defendant's] flight was not obtained in violation of the Fourth Amendment"); *State v. Taylor*, 114 Nev. 1071, 1077-78, 968 P.2d 315, 320 (1998) ("A person who voluntarily abandons his property has no standing to object to its search or seizure because he loses a legitimate expectation of privacy in the property and thereby disclaims any concern about whether the property or its contents remain private."); *Scott v. State*, 110 Nev. 622, 627, 877 P.2d 503, 507 (1994) (defendant lacked standing to challenge search of a vehicle where he was a passenger and did not own the vehicle). Uceda did not demonstrate that there was a reasonable probability of a different outcome given that law enforcement

conclude that Uceda has not demonstrated a reasonable probability of a different outcome on appeal and therefore the district court did not err in denying this claim. *See Kirksey*, 112 Nev. at 998, 923 at 1113 (a petitioner must show that the omitted issue would have had a reasonable probability of success of appeal).

discovered Uceda hiding in a bush nearby after he fled the vehicle. Therefore, we conclude that the district court did not err in denying this claim. *See Donovan v. State*, 94 Nev. 671, 675, 584 P.2d 708, 711 (1978) (concluding that counsel was not ineffective for omitting a futile suppression motion).

Fifth, Uceda argues that counsel should have objected to the introduction of police reports. Uceda has not shown deficient performance or prejudice. The record supports the district court's conclusion that counsel made a strategic decision to use the police reports to cross-examine law enforcement witnesses about inaccuracies contained in the reports. *See Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996) (counsel's strategic decisions are virtually unchallengeable absent extraordinary circumstances). Uceda has not demonstrated extraordinary circumstances in this case nor has he shown a reasonable probability of a different outcome given the strong evidence of guilt. Therefore, we conclude that the district court did not err in denying this claim.

Sixth, Uceda argues that counsel should have objected to the use of the phrase "bullet hole" during trial. Uceda has not shown deficient performance or prejudice. The male victim testified that the passenger in the perpetrators' vehicle fired a gun at him and one bullet struck his vehicle, and he identified the resulting damage. And law enforcement recovered a spent bullet casing in the abandoned vehicle. The State therefore made a reasonable inference that the defect on the victim's vehicle was a bullet hole. Under these circumstances, Uceda has not demonstrated a reasonable probability of a different outcome had counsel objected. Therefore, we conclude that the district court did not err in denying this claim. *See Ennis*

 

*v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006) (stating that counsel is not ineffective for failing to make futile objections).

Seventh, Uceda argues that counsel should have objected when the State improperly refreshed the recollection of a witness. Uceda has not shown prejudice. Uceda points to two instances where the State refreshed the recollection of a law enforcement witness when he provided imprecise times for events during the investigation, e.g., when the officer responded to the scene. Even assuming the State's method of refreshing the witness's recollection was improper, Uceda has not shown a reasonable probability of a different outcome had counsel objected to the State's examination of its witness. Therefore, we conclude that the district court did not err in denying this claim.

Eighth, Uceda argues that counsel should have objected to the State's argument that NRS 207.012 mandated imposing a habitual felon sentence. Uceda has not shown deficient performance or prejudice. Under NRS 207.012, defendants who have previously been convicted of two violent felonies, which are enumerated in the statute, and are again convicted of a violent felony, qualify as habitual felons and must be sentenced as such. *See* NRS 207.012(1), (2). Likewise, Uceda has not demonstrated a reasonable probability of different outcome because the district court had no discretion to dismiss the relevant counts. *See* NRS 207.012(3); *Ennis*, 122 Nev. at 706, 137 P.3d at 1103 (stating that counsel is not ineffective for failing to make futile objections). Therefore, we conclude that the district court did not err in denying this claim.

Finally, Uceda argues that the cumulative effect of counsel's errors warrants relief. Even assuming that instances of deficient performance may be cumulated, *see McConnell v. State*, 125 Nev. 243, 259, 212 P.3d 307, 318 (2009), Uceda has not shown that cumulative error warrants relief based on the strong evidence of his guilt discussed above.

Having considered Uceda's contentions and concluding that they lack merit, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Hardesty

_____, J.          _____Sr.J.
Herndon                                Gibbons

cc:   Hon. Cristina D. Silva, District Judge
      Gaffney Law
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

---

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.